# Benjamin L. Ragland

## v.

# Robert Junior Rutledge, et al.

Record No. 841462

October 9, 1987

Present: All the Justices

*Dwane H. Miller (Laurence G. Kessler,* on brief), for appellant.
*E. Lewis Kincer, Jr. (Dennis O. Miller; May, Miller and Nooney, P.C.,* on brief), for appellees.

COMPTON, J., delivered the opinion of the Court.

In this personal injury suit, the sole question on appeal is whether the plaintiff established a prima facie case of negligence.

Appellant Benjamin L. Ragland claims he was injured when he was a passenger on a municipal bus which came into contact with a truck carrying cement near the intersection of 12th and Main Streets in the City of Richmond on June 30, 1983. The plaintiff sued the truck driver, appellee Robert Junior Rutledge, and the employer of the truck driver, appellee Lone Star Cement, Inc. At the conclusion of the plaintiff's evidence in a jury trial, the court sustained the defendants' motion to strike the evidence and entered summary judgment in their favor. We awarded the plaintiff this appeal from the June 1984 final order.

There is no material conflict in the evidence. The dispute is over the reasonable inferences to be drawn from primary facts. The plaintiff presented the evidence of the truck driver and the bus driver, Elaine H. Pleasants.

Shortly before 7:00 a.m. on a clear day, the bus and the truck were travelling west on Main Street. At the scene, there were two westbound marked travel lanes on Main. The bus was moving slowly in the right lane and the truck was gradually overtaking the bus in the left lane.

As the truck approached the intersection with 12th Street, the driver stopped his vehicle approximately 25 feet east of the intersection. A portion of the left lane west of the intersection was blocked with wooden sawhorses warning of construction along the south side of Main. As the bus moved to its right toward a bus stop west of the intersection, the left rear corner of the bus "caught" the right corner of the truck's front bumper, allegedly causing the plaintiff to be injured.

The bus driver testified that her vehicle always remained in the right lane and that no portion of the bus extended into the left lane before contact with the truck. When asked whether the truck

moved into the right lane just before impact, the bus driver responded, "Not that I could see."

The truck driver, called by the plaintiff as an adverse witness, testified that he was driving in the left lane as he approached the intersection. He said that he stopped his vehicle wholly within the left lane, at which time the front of the truck was about "half-way" to "the side of the bus." He stated that as the bus made a right turn "to get back into the parking lane," the bus "clipped" the truck's bumper "and carried it forward." After the truck driver testified he was certain the truck was stopped entirely within the left lane, a reference to a discovery deposition showed he stated during the deposition that he only "believed" the truck was in that lane.

In sustaining defendants' motion to strike, the trial court stated that the plaintiff's evidence showed the accident could have happened "as likely one way or the other." Thus, the court reasoned, the jury would have to speculate on the cause of the incident. We agree.

Because the plaintiff's evidence has been stricken, the sufficiency of that evidence to sustain a recovery is challenged. Therefore, we will consider the evidence and all reasonable inferences fairly drawn from the evidence in the light most favorable to the plaintiff. *Page v. Arnold*, 227 Va. 74, 76, 314 S.E.2d 57, 58 (1984).

But where the plaintiff calls a defendant as an adverse witness, the plaintiff is bound by so much of the defendant's testimony as is clear, reasonable, and uncontradicted. The plaintiff, however, is not bound by such testimony of the defendant as is in conflict with evidence introduced by the plaintiff. *Weddle v. Draper*, 204 Va. 319, 322, 130 S.E.2d 462, 465 (1963); *Boyd v. Brown*, 192 Va. 702, 708, 66 S.E.2d 559, 563 (1951).

In the present case, we are confronted, on the one hand, with the positive testimony of the bus driver that the bus, at all times pertinent to the accident, was wholly within its proper travel lane. We also are faced, on the other hand, with the equally firm testimony of the truck driver, called as an adverse witness, that the truck was entirely in its proper lane of travel at all pertinent times.

The plaintiff argues, however, that reasonably to be inferred from the bus driver's testimony that the bus was in the correct lane, and from the fact that the two vehicles made contact, is the

conclusion that the truck was partially in the wrong lane at the time of the accident. This inference drawn from primary facts, the argument continues, is sufficient to establish a prima facie case of negligence and causation. We do not agree.

The plaintiff's argument disregards the effect of the truck driver's testimony as an adverse witness. As we have said, the plaintiff is bound by so much of the defendant's testimony as is uncontradicted and not in conflict with evidence introduced by the plaintiff. The question in this case actually becomes, therefore, whether an inference may be employed to contradict positive testimony that is otherwise unrebutted. In other words, may it be inferred, from testimony that the bus was in its correct lane and from the fact of impact, that the truck was in the wrong lane, despite the clear testimony of the adverse witness that the truck was in its proper lane at contact? We hold that it may not.

■ Like presumptions, inferences are never allowed to stand against ascertained and established facts. *Southern Ry.* v. *Mays*, 192 Va. 68, 76, 63 S.E.2d 720, 725, *cert. denied*, 342 U.S. 836 (1951). *See Hall* v. *Commonwealth*, 178 Va. 22, 27, 16 S.E.2d 304, 305 (1941); *Schmitt* v. *Redd*, 151 Va. 333, 344, 143 S.E. 884, 887 (1928). Under these circumstances, an inference which the plaintiff says would impose liability upon the defendants must give way to the positive, uncontradicted evidence which exonerates the defendants from liability and demonstrates that the inference is based upon speculation and conjecture. *Virginia Transit Co.* v. *Schain*, 205 Va. 373, 380, 137 S.E.2d 22, 27 (1964).

There is no contradiction of the truck driver's testimony that he stayed in the left lane, except the purported inference the plaintiff would draw (that the truck was in the wrong lane) from the bus driver's testimony that the bus was in the correct lane at impact. However, that inference cannot serve to contradict the clear and reasonable testimony of the truck driver that the truck remained in its proper lane. And the deposition statement of the truck driver that he "believed" the truck was in the left lane is insufficient to diminish the clarity and reasonableness of his trial testimony that he was certain about the truck's location at impact.

■ In sum, we have the case of a bus driver who, while driving in a correct lane, saw a truck in its proper lane, the truck driver who maintains the truck was in its proper lane, contact between the two vehicles, and no other evidence about where the vehicles were with reference to the two lanes at impact. Given those facts

and any legitimate inferences to be drawn from those facts, the plaintiff has failed to establish, prima facie, how the accident happened.

Therefore, we hold the trial court properly sustained the defendants' motion to strike. The judgment below in favor of the defendants will be

*Affirmed.*