## CIRCUIT COURT OF THE CITY OF RICHMOND

Gladys A. Ross

v.

Greater Richmond
Transit Authority

June 5, 1991

Case No. LS 2989-4

By JUDGE ROBERT L. HARRIS, SR.

This case was tried before the court without a jury on April 18, 1991. At the close of plaintiff's evidence, the defendant moved to strike the evidence, and the motion was taken under advisement. The defense rested without presenting any evidence. With the consent of counsel, the court viewed the accident scene on April 19, 1991, and an additional hearing was held on May 2, 1991. For the reasons set forth below, defendant's motion to strike plaintiff's evidence is denied. However, the court finds in favor of the defendant on plaintiff's negligence claim, and the judgment will be entered for the defendant.

The plaintiff, Ms. Ross, sued Greater Richmond Transit Authority ("GRTA") for personal injuries sustained on January 9, 1990. Ms. Ross testified that, on that day, she boarded a GRTA bus on North Avenue at the intersection of Overbrook Road. Ms. Ross paid her fare and was walking down the aisle to a seat near the rear of the bus when she heard a loud noise. The bus started shaking, and Ms.

Ross was thrown forward and then backward onto the floor of the bus.

Ms. Ross was taken by ambulance to Stuart Circle Hospital where she was treated in the emergency room. She was subsequently seen by Dr. Reginald C. Jackson who testified that, as a result of her fall, Ms. Ross sustained injuries to her cervical and lumbar spine, right arm, and right forefinger. Dr. Jackson prescribed a course of physical therapy for Ms. Ross. Pain medication and muscle relaxants were also prescribed. Ms. Ross's medical bills total $927.82.

The bus driver, John Walker, was called by plaintiff as an adverse witness. Mr. Walker testified that after Ms. Ross boarded the bus, he waited for traffic to clear and then started off from the bus stop. Mr. Walker testified that he travelled approximately fifteen to twenty feet when a two-year-old child ran off the sidewalk in front of the bus. Mr. Walker testified that he did not see the child until the child walked off the curb in front of the bus. Mr. Walker slammed on the brakes to avoid hitting the child.

At the close of plaintiff's evidence, Ms. Burton, on behalf of GRTA, made a motion to strike plaintiff's evidence. The motion was taken under advisement. On April 19, 1991, after communicating with and obtaining the consent of counsel for both parties, the court visited the scene of the accident and rescheduled the case for further hearing on May 2, 1991. On that date, Mr. Walker was called as defendant's witness. Three photographs of the accident scene were received into evidence, and Mr. Walker indicated with an "X" on defendant's Exhibit 3 where the child stepped off the curb into the roadway. At the conclusion of defendant's evidence, GRTA renewed its motion to strike.

"It is well settled that a common carrier must exercise the highest degree of practical care for the safety of its passengers, but this degree of care does not mean that the carrier is an insurer of its passengers' safety or require of it perfect human care." *Crist v. Washington, Va. and Md. Coach Co.*, 196 Va. 642, 645, 85 S.E.2d 213, 215 *cert. denied*, 350 U.S. 823 (1955). While a common carrier is not liable for the ordinary jerks and jolts incident to the use of the carrier, "it is liable for

injuries resulting from jerks or jolts which are not necessarily incident to the use of the conveyance or which are unusually sudden or violent." *Id.*

Ms. Ross, through her testimony and the testimony of Mr. Walker, has proved to the court that the jolt which caused Ms. Ross to fall was "unusually sudden or violent" and not an ordinary jerk or jolt incident to riding on a bus. Therefore, Ms. Ross made a prima facie case of negligence on the part of GRTA, and GRTA's motion to strike plaintiff's evidence is denied.

However, where a driver of a motor vehicle "without prior negligence on his part is confronted with a sudden emergency and acts as an ordinarily prudent person would have done under the same or similar circumstances, he is not guilty of negligence." *Daniels v. C. I. Whitten Transfer Co.*, 196 Va. 537, 545, 84 S.E.2d 528, 533 (1954). Once the plaintiff has made a prima facie case of negligence against the defendant, the defendant has the burden of producing evidence that what occurred was due to something other than the defendant's negligence, i.e., a sudden emergency. While the defendant has the burden of producing evidence of a sudden emergency, the ultimate burden of proof remains on the plaintiff to show by a preponderance of the evidence that her injuries were caused by the defendant's negligence. *See, id.*, at 546, 84 S.E.2d at 533-34.

In reviewing plaintiff's evidence, the court notes the rule of evidence which states that "where the plaintiff calls a defendant as an adverse witness, the plaintiff is bound by so much of the defendant's testimony as is clear, unreasonable, and uncontradicted. The plaintiff, however, is not bound by such testimony of the defendant as is in conflict with evidence introduced by the plaintiff." *Ragland v. Rutledge*, 234 Va. 216, 218, 361 S.E.2d 133, 135 (1987). In the case at bar, plaintiff called GRTA's driver, Mr. Walker, as an adverse witness. Mr. Walker testified that a two-year-old child stepped off the curb into the roadway and that he slammed on brakes to avoid hitting the child. Mr. Walker testified that he did not see the child until the child stepped off the curb.

The court finds that Mr. Walker's testimony is both clear and reasonable. The plaintiff has produced no evidence

to contradict Mr. Walker's testimony, and therefore, the plaintiff is bound by that testimony.

In addition, after viewing the accident scene and reviewing Mr. Walker's testimony on May 2, 1991, with regard to the photographs of the accident scene, the court finds that Mr. Walker was unable to see the child until the child stepped off the curb due to multiple rows of hedges approximately forty-two inches high which run perpendicular to the curb. There are, in addition, a utility pole and a metal trash can on that sidewalk adjacent to the curb where Mr. Walker testified that the child stepped into the roadway. The court finds that GRTA has met its burden of producing evidence that Mr. Walker was confronted with a sudden emergency and that he acted as a reasonable person would have acted under the circumstances by slamming on his brakes to avoid the child. Accordingly, plaintiff has not sustained her burden of proof concerning defendant's negligence, and the court finds in favor of the defendant.