Present:  All the Justices

ALLSTATE INSURANCE COMPANY

v.  Record No. 980386     OPINION BY JUSTICE ELIZABETH B. LACY
                                    January 8, 1999
RONALD P. WHITE

FROM THE CIRCUIT COURT OF FLUVANNA COUNTY
John R. Cullen, Judge

On the evening of December 24, 1994, Ronald P. White was a passenger in a truck driven by Ronald C. Steele, Jr.  The truck was traveling westbound on Route 53, a two-lane highway in Fluvanna County.  White was severely injured when the truck left the highway, traveled along a ditch line until it struck a rock, became airborne, and landed upside down between two trees.  White and Steele were hospitalized.

White filed a motion for judgment against Steele and an unidentified John Doe, seeking recovery for the damages he sustained in the accident.  White alleged that Steele was reckless and negligent for failing to maintain proper control of his vehicle and that John Doe negligently drove his vehicle across the center of the highway, forcing Steele's vehicle off the highway.  White also served Allstate Insurance Company (Allstate) pursuant to Code § 38.2-2206(E) because he was an insured under the uninsured motorist provisions of a motor vehicle liability policy issued by Allstate.

The jury returned a verdict in favor of both defendants. On White's motions and over Allstate's objections, the trial court set aside the verdict as to Doe, entered judgment against Doe on the issue of liability pursuant to Code § 8.01-430, and dismissed the motion for judgment against Steele. The parties agreed to submit the issue of damages to the trial court. Relying on the evidence produced at trial, the trial court entered judgment against Doe in the amount of $250,000 with interest. Allstate appealed, seeking reinstatement of the jury verdict in Doe's favor or, in the alternative, a new trial on the issues of Doe's liability and damages.[1]

On appeal, Allstate first contends that the trial court erred in setting aside the jury verdict because the jury reasonably could have inferred from the evidence that either Doe did not exist or that he had not been negligent. In reviewing Allstate's contention, we apply familiar principles. Code § 8.01-430 authorizes a trial court to set aside a jury verdict if it is plainly wrong or without credible evidence to support it. Lane v. Scott, 220 Va. 578, 581, 260 S.E.2d 238, 240 (1979). On appeal, the judgment of a trial court setting aside a jury verdict will be sustained if the record contains no credible evidence to support the jury verdict, viewing the

_____

[1] White filed a notice of appeal from the judgment in favor of Steele, but did not pursue that appeal.

2

facts and all reasonable inferences which may be drawn from the facts in the light most favorable to the party receiving the jury verdict. Rogers v. Marrow, 243 Va. 162, 166, 413 S.E.2d 344, 346 (1992).

The evidence relating to the cause of the accident comes primarily from White's testimony. Although Steele pled guilty to a charge of improper driving in connection with the incident, he has no memory of the accident. There were no other witnesses to the accident.

At the time of the accident, it was raining and dark and the road was wet. The posted speed limit was 55 miles per hour; White testified he thought Steele was driving 50 to 55 miles per hour. According to White, as Steele's vehicle came out of a curve, White suddenly saw the glare of the headlights of a vehicle traveling east that "looked like" it was coming toward them in the westbound lane. White testified that, to avoid a collision, Steele veered to the right, causing the truck to leave the highway, become airborne and eventually land upside down between two trees. White could not estimate the speed of the Doe vehicle, did not know whether it was a truck or a car, or where it was located on the roadway.

White also testified that he had been drinking beer before he and Steele got into the truck. He testified that he could not remember precisely how many beers he had consumed in

the two-hour span before the accident, but that it might have been as many as three. The state trooper who investigated the accident testified that there were no skid marks or debris on the highway.

According to Allstate, White's admitted consumption of alcohol supports a conclusion that White's perception of the details surrounding the accident was impaired by the alcohol he had consumed and, thus, that his testimony was not reliable. White's inability to identify anything about the Doe vehicle and Steele's guilty plea to improper driving, Allstate asserts, entitled the jury to conclude that there was no vehicle driven by a John Doe and that the accident was not caused by the negligence of an unidentified motorist. Either conclusion required a verdict in favor of Doe, and, therefore, Allstate concludes, the trial court erred in setting aside the jury verdict in favor of Doe.

Citing Ragland v. Rutledge, 234 Va. 216, 219, 361 S.E.2d 133, 135 (1987), White responds that his testimony regarding the cause of the accident and the existence of a vehicle driven by John Doe was positive, uncontroverted, and credible and, therefore, could not be disregarded by the jury. However, that principle is not applicable in this case. It is true that there was no positive testimony controverting White's statements regarding the events surrounding the

4

accident.  The evidence relied upon by Allstate addresses the reliability of White's testimony.  As White notes, the trial judge determined that White had "a reputation for truth and honesty."  The evidence relating to impaired perception because of alcohol consumption does not impeach White's character trait for telling the truth.  Such evidence affects the probative value of White's testimony by suggesting that, at the time of the accident, his perception of the details and events may have been impaired, and, therefore, that the testimony was not reliable.[2]

Having reviewed the record, we agree with Allstate and conclude that the trial court erred in setting aside the jury verdict.  Based on the evidence recited above, the jury was entitled to infer that White's perception of the circumstances of the accident was impaired.

Furthermore, assuming that there was a Doe vehicle, there is no direct evidence that Doe was negligent.  The only evidence bearing on the issue of Doe's negligence was White's statement that, as the Steele vehicle came around the curve,

---

[2] White also argues that the evidence of his alcohol consumption was not admissible because Allstate failed to provide a proper foundation showing the level of consumption which would result in impairment of White's perception. However, while White objected to questions relating to alcohol consumption, that objection was overruled and White has not assigned cross-error to that ruling.  Therefore, we treat the evidence as properly before the jury.

White saw the glare of the Doe vehicle's headlights, and "[i]t looked like he was on our side of the road considerably." (Emphasis added.) Although there was an accident, there was no collision between two vehicles which could provide evidence of the location of the Doe vehicle. Nor were there any skid marks or debris identifying the location of the Doe vehicle. And finally, White's statement regarding the location of the Doe vehicle was subject to the inference of impaired perception stemming from White's alcohol consumption.

As noted by the trial court in refusing White's motion to strike Allstate's evidence and to find Doe liable as a matter of law, it was "a matter for the jury to decide whether or not there — there was a John Doe driver at that particular scene . . . and, if so, what came from that." We conclude that there was evidence in this record to support a jury verdict in favor of John Doe either because there was no John Doe vehicle or because White failed to establish that John Doe was negligent and that his negligence resulted in White's injuries.

Accordingly, we will reverse the judgment of the trial court and enter final judgment reinstating that portion of the jury verdict in favor of John Doe. In light of this determination, we need not address Allstate's remaining assignments of error.

<u>Reversed and final judgment.</u>