# CIRCUIT COURT OF ROCKINGHAM COUNTY

Eric Stanish

    v.

Larry E. Dovel
and David Robinson

May 27, 1999

Case No. (Law) 10960

BY JUDGE JOHN J. MCGRATH, JR.

This comes before the Court on the Plaintiff's Motion to Set Aside a Jury Verdict and to order a new trial. The facts in this case are straightforward. Eric Stanish, the Plaintiff, was a passenger in Defendant David Robinson's automobile, and they were traveling in a westward direction on Route 33 in Rockingham County. At the intersection of Route 33 and State Route 687, Defendant, Robinson, entered a left turn lane and allegedly stopped and awaited a left turn green arrow. Upon receiving the green arrow, Defendant, Robinson, allegedly proceeded to cross the eastbound lane of Route 33 at which time he was rammed in the side by the automobile being operated by the Defendant. Larry Dovel, which was proceeding in an easterly direction on State Route 33.

On the day of the accident, the weather was clear and it was daylight. Essentially, the testimony came down to Defendant Robinson's swearing under oath that he had a green left turn light and to Defendant Larry Dovel's swearing under oath that he had a green light in his direction of travel which turned yellow at the very moment he entered into the intersection.

In addition to the regular evidence in the case, a witness was called by the Plaintiff who was a VDOT traffic light engineer, who testified that he had checked the lights at this intersection both before and after the accident and

that he was responsible for their maintenance and that there was no malfunction of the lights on the day of the accident. This witness further testified that it was physically impossible for there to be a left turn arrow for the westbound lane while the eastbound lane had a green light. The reason for this physical impossibility was that he had programmed the computer to provide a failsafe mechanism that there had to be a minimum of two seconds when both parties had a red light before the green light would come on in either direction. Neither of the drivers ever asserted that their field of vision was obstructed or that any animals or other distractions appeared on the road which would have caused them to improperly operate their cars.

After a considerable period of deliberation, the jury returned with a verdict in which it found in favor of both defendants and against the plaintiff. After receiving the jury verdict, the jury was discharged and the Court allowed the plaintiff a period of time in which to file a Motion to Set Aside the Verdict and for the defendants to respond.

Although the Plaintiff had orally moved to set aside the verdicts in favor of both defendants, in his brief, Plaintiff only argues that the verdict in favor of defendant Dovel should be set aside as contrary to the law and evidence.

Defendant Dovel relies upon the Supreme Court's recent decision in *Allstate Ins. Co. v. White*, 257 Va. 73 (1999), as a basis for the Court to affirm the jury verdict. There are a number of distinguishing characteristics between this case and *Allstate Ins. Co. v. White, supra*. For example, in this case, there is no issue of the intoxication of any of the drivers or their ability to perceive the facts. However, the posture in which this case comes to the Court does not permit the Court to set the verdict aside as to the Defendant Dovel. If the Court had been requested to set the verdict aside as to both defendants, it would have had to consider whether the jury's verdict was completely at odds with the undisputed facts that either one or the other of the defendants had to be negligent with regard to the accident in question. However, the Court is only asked to set the verdict aside as to Defendant Dovel. This record has ample evidence from which the jury could have believed the testimony of Mr. Dovel and discounted and rejected the testimony of Mr. Robinson, the plaintiff, and the other passenger.

Therefore, the jury verdict in favor of Defendant Larry Dovel will be entered by the Court, and the motion to set it aside is hereby denied.

The Clerk shall send attested copies of this Opinion and Order to Scott L. Reichle, Esq., counsel for plaintiff; to Mark D. Obenshain, Esq., counsel for defendant, Larry E. Dovel; and to H. Robert Yates, III, Esq., counsel for defendant, David J. Robinson.