JUSTICE KEENAN delivered the opinion of the Court.
In this criminal appeal, the dispositive issue is whether the trial court erred in admitting evidence of another crime committed by the defendant for the purpose of proving his intent to commit the crime charged.
Dwayne Edward Guill was indicted for unlawfully and feloniously breaking and entering a dwelling house in the nighttime with the intent to commit murder, rape, or robbery in violation of Code § 18.2-90. He was tried by the Circuit Court of Charlotte County, sitting without a jury, and was found guilty as charged. The trial court sentenced Guill to confinement in the penitentiary for 20 years, with execution of 5 years suspended.
*137 We state the evidence taken at trial in the light most favorable to the Commonwealth, the prevailing party below. Roach v. Commonwealth, 251 Va. 324, 329, 468 S.E.2d 98, 101, cert. denied, 519 U.S. _, 117 S.Ct. 365 (1996); Graham v. Commonwealth, 250 Va. 79, 81, 459 S.E.2d 97, 98, cert. denied, 516 U.S. 997 (1995). On May 22, 1995, at about 2:00 a.m., Guill broke and entered the home of Danny and Donna Crews who were asleep in their bedroom. The Crews’ two daughters, ages five and seven, were also in the house at the time. The girls shared a bed in a ground floor bedroom, which was illuminated both by an outdoor safety light and by a light inside the house.
Mr. Crews testified that he awakened and heard his daughters talking. When he arose and walked into the kitchen, he saw Guill, a stranger, backing out of the girls’ bedroom. Crews confronted Guill, stating, “[M]an, what in the hell are you doing in my house.” In response, Guill reached for his back pocket with his right hand and said, “I’ll cut your f___ing head off.” After the two men looked at each other “for a second or two,” Guill ran out the back door.
Mr. Crews stated that although there were open ground floor windows in the living room and the master bedroom, Guill entered the house by taking a twelve-foot ladder from the basement and climbing through a bathroom window. The open windows were located in a portion of the house which was illuminated by exterior light, while there were no exterior lights in the area near the bathroom window. In a hallway just outside the bathroom, Mrs. Crews had left a purse containing $200 in plain view, as well as her keys.
Over Guill’s objection, the Commonwealth called a witness who stated that, in 1985 when she was 16 years old, Guill broke and entered the house in which she was sharing an upstairs room with her 15 year-old female cousin. The witness testified that she and her cousin were asleep when Guill, a stranger to the two girls, got into the witness’ bed with his shirt off, kissed her, and attempted to rape her. According to the witness, Guill “told my cousin that if I [did not] be quiet he was going to kill me.”
Three weeks after the incident at the Crews’ residence, Guill was arrested. He made a statement to the police in which he gave the following explanation. He stated that he stopped at the Crews’ house because his vehicle “ran out of gas.” He first attempted to get some gasoline out of a truck on the Crews’ property and then broke into their house to find keys to open some locked gas tanks.
*138 Guill also told the police that he entered the house by using a ladder to go through a bathroom window. Once in the house, he looked around for keys “and heard the kid wake up.” When he told her to be quiet, she started crying. Guill stated that, at this point, he “got up and went out of the room and as I did I met the man.” Guill did not testify at the trial.
The trial court found the defendant guilty after ruling that evidence of the 1985 crime was admissible because it was of “such ... a similar nature” to the present offense. The Court of Appeals affirmed the trial court’s judgment in an unpublished opinion, holding that the 1985 crime and the present offense were “sufficiently similar to be probative of [the defendant’s] intent,” and that the evidence of his prior conduct was admissible for the “narrow purpose of proving, elucidating, or explaining [the defendant’s] intent.”
On appeal to this Court, the defendant argues that evidence of the 1985 crime was irrelevant because the facts of the present offense contain no evidence of an intent to commit rape. The defendant also asserts that the trial court erred in admitting evidence of the 1985 crime because it was dissimilar to the present offense.
In response, the Commonwealth asserts that evidence of the 1985 crime was admissible to prove the defendant’s intent in the crime charged based on his conduct on the prior occasion. We disagree with the Commonwealth and hold that the Court of Appeals erred in affirming the trial court’s ruling on this issue.
Evidence that shows or tends to show a defendant has committed a prior crime generally is inadmissible to prove the crime charged. Woodfin v. Commonwealth, 236 Va. 89, 95, 372 S.E.2d 377, 380 (1988), cert. denied, 490 U.S. 1009 (1989); Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970). Such evidence implicating an accused in other crimes unrelated to the charged offense is inadmissible because it may confuse the issues being tried and cause undue prejudice to the defendant. See Boggs v. Commonwealth, 199 Va. 478, 486, 100 S.E.2d 766, 772 (1957). There are several exceptions to the general rule excluding this type of evidence.
Evidence of “other crimes” is relevant and admissible if it tends to prove any element of the offense charged. Kirkpatrick, 211 Va. at 272, 176 S.E.2d at 805. Thus, evidence of other crimes is allowed when it tends to prove motive, intent, or knowledge of the defendant. Id. Among other exceptions, evidence of other crimes also is allowed if relevant to show the perpetrator’s identity when some aspects of the prior crime are so distinctive or idiosyncratic that the *139 fact finder reasonably could infer that the same person committed both crimes. Spencer v. Commonwealth, 240 Va. 78, 90, 393 S.E.2d 609, 616, cert. denied, 498 U.S. 908 (1990).
Admission of evidence under these exceptions, however, is subject to the further requirement that the legitimate probative value of the evidence must exceed the incidental prejudice caused the defendant. Lewis v. Commonwealth, 225 Va. 497, 502, 303 S.E.2d 890, 893 (1983). Further, the admission of such “other crimes” evidence is prohibited when its only purpose is to show that the defendant has a propensity to commit crimes or a particular type of crime and, therefore, probably committed the offense for which he is being tried. Kirkpatrick, 211 Va. at 272, 176 S.E.2d at 805.
The element of the crime in dispute in the present case is that of the defendant’s intent. Intent is the purpose formed in a person’s mind that may, and often must, be inferred from the particular facts and circumstances of a case. Ridley v. Commonwealth, 219 Va. 834, 836, 252 S.E.2d 313, 314 (1979). Like any other element of a crime, intent must be proved as a matter of fact and may not be the subject of surmise and speculation. Dixon v. Commonwealth, 197 Va. 380, 382, 89 S.E.2d 344, 345 (1955).
As we stated in Kirkpatrick, 211 Va. at 273, 176 S.E.2d at 805, the leading case on the principles involved here is Walker v. Commonwealth, 28 Va. (1 Leigh) 574 (1829). There, a defendant was indicted for larceny of a watch and, at trial, evidence was admitted that at one time he had stolen a coat. In setting aside his conviction, we held that this evidence was irrelevant and inadmissible to prove the defendant’s intent in the crime charged, because the evidence did not have “such necessary conne[ct]ion with the transaction then before the court as to be inseparable from it.” Id. at 580. We explained that
if the circumstances [of the other event] have no intimate conne[ct]ion with the main fact; if they constitute no link in the chain of evidence . . . they ought to be excluded, because they are irrelevant; [and] if they denote other guilt, they are not only irrelevant, but they do injury, because they have a tendency to [cause] prejudice.
Id. at 577.
In Barber v. Commonwealth, 182 Va. 858, 30 S.E.2d 565 (1944), an appeal of an attempted rape conviction, we again applied these *140 principles. The trial court had allowed evidence that the defendant committed an attempted rape on a different victim for the purpose of showing the defendant’s intent in the crime charged.
We reversed the defendant’s conviction, stating that it is improper to use evidence that a defendant has committed another crime when it has “no connection with the one under investigation. Such other acts of criminality ... are not legally relevant and should not be [used] to prejudice the defendant or to create a probability of guilt.” Id. at 866, 30 S.E.2d at 568 (internal quotation marks omitted). We explained that the test for admission of evidence of other crimes is met when there is “a causal relation or logical and natural connection between the two acts, or they . . . form parts of one transaction.” Id. at 868, 30 S.E.2d at 569 (internal quotation marks omitted); see also Day v. Commonwealth, 196 Va. 907, 912-13, 86 S.E.2d 23, 26 (1955).
We again applied these principles in Donahue v. Commonwealth, 225 Va. 145, 300 S.E.2d 768 (1983). There, the trial court had allowed evidence of the defendant’s prior sale of phencyclidine (PCP) for the purpose of proving her intent to distribute PCP and marijuana in the crimes charged. The prior sale had occurred over one month before her arrest on the crimes charged. Id. at 149, 300 S.E.2d at 770.
We held that evidence of the prior sale of PCP was inadmissible to prove the defendant’s intent because that evidence was unrelated to the crime charged and none of the other exceptions to the general rule barring admission of “other crimes” evidence was applicable. We also stated that the prejudicial effect of that evidence required its exclusion. Id. at 156, 300 S.E.2d at 774; see also Boyd v. Commonwealth, 213 Va. 52, 53, 189 S.E.2d 359, 360 (1972).
Applying these principles to the present case, we hold that evidence of the 1985 crime was unrelated to the crime charged. Like the “other crimes” evidence in the above cases, there was no causal relation or logical connection between the 1985 offense and the crime charged, nor did the two crimes form parts of one transaction. See Barber, 182 Va. at 868, 30 S.E.2d at 569; see also Kirkpatrick, 211 Va. at 273, 176 S.E.2d at 806; Day, 196 Va. at 912-13, 86 S.E.2d at 26; Walker, 28 Va. (1 Leigh) at 577. Therefore, evidence of the 1985 crime was not probative evidence of the defendant’s intent in the crime charged and was irrelevant and inadmissible for purposes of proving that intent. See Donahue, 225 Va. at 155-56, 300 S.E.2d at 773-74; Kirkpatrick, 211 Va. at 272, 176 S.E.2d at 805; *141 Day, 196 Va. at 912-13, 86 S.E.2d at 26; Barber, 182 Va. at 866-68, 30 S.E.2d at 568-69; Walker, 28 Va. (1 Leigh) at 577.
We also hold that evidence of the 1985 crime is not admissible under any other exception to the general rule barring admission of “other crimes” evidence. Specifically, we hold that the trial court erred in ruling that the evidence was admissible because it was of “such a similar nature” to the offense charged. In Spencer, we held that when the identity of a perpetrator is at issue, evidence of another crime may be admitted to prove the actor’s identity if the prior crime bears “a singular strong resemblance to the pattern of the offense charged” and is sufficiently idiosyncratic in relation to that offense to permit an inference of a pattern for proof purposes. 240 Va. at 90, 393 S.E.2d at 616 (internal quotation marks omitted).
Assuming, without deciding, that this test is applicable here when the identity of the perpetrator is known, we hold that the test is not met. Although a few of the facts in the two burglaries are similar, the crimes do not have any idiosyncratic characteristics.
As stated above, in the 1985 crime, the defendant entered a house through a rear door and proceeded to an upstairs bedroom occupied by two girls, ages 15 and 16. Here, the defendant used a ladder to crawl through a ground floor bathroom window after punching holes in the window screen. He then walked into the ground floor bedroom of two girls who were five and seven years of age.
In the 1985 crime, the defendant got into the girls’ bed and kissed and attempted to rape one of them. Here, there is no evidence that the defendant got into the girls’ bed or touched either girl in any manner. Instead, the evidence shows only that the defendant “got up” before he left the girls’ room.
Although the defendant threatened the girls’ father in this case, he threatened the witness in the 1985 crime. Moreover, we note that conduct of this nature unfortunately is common, rather than idiosyncratic, in this type of crime.
Based on the above factual differences, evidence of the 1985 crime was inadmissible under a Spencer analysis because that offense was not idiosyncratic in relation to the facts of the present offense. As such, the evidence lacked a logical relationship to the offense charged and, thus, was irrelevant and showed only the defendant’s propensity to commit the crime charged. See Kirkpatrick, 211 Va. at 272, 176 S.E.2d at 805. Since this evidence was inadmissible and had no probative value, we hold that its admission caused undue *142 prejudice to the defendant. See Donahue v. Commonwealth, 225 Va. at 156, 300 S.E.2d at 774.*
For these reasons, we will reverse the Court of Appeals’ judgment and remand the case to the Court with direction that the matter be remanded to the trial court for a new trial, if the Commonwealth be so advised, consistent with the principles set forth in this opinion.

Reversed and remanded.

 Since our holding requires reversal of this case, we do not reach the defendant’s remaining assignment of error challenging the sufficiency of the evidence.