COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judge Benton and
          Senior Judge Duff
Argued at Alexandria, Virginia


EDWARD THOMAS RESIO
                                      MEMORANDUM OPINION[*] BY
v.     Record No. 0963-97-3    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                           JUNE 2, 1998
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                     James W. Haley, Jr., Judge

          Elwood Earl Sanders, Jr., Director
          Capital/Appellate Services (Public Defender
          Commission, on briefs), for appellant.

          Kathleen B. Martin, Assistant Attorney
          General (Richard Cullen, Attorney General, on
          brief), for appellee.


     Edward Thomas Resio (appellant) was convicted in a jury

trial of breaking and entering with the intent to rape in

violation of Code § 18.2-90 and abduction with the intent to

defile in violation of Code § 18.2-48.  He contends the trial

court erred in admitting evidence of his prior convictions for

burglary and rape.  For the following reasons, we reverse the

convictions.

                                I.

     Appellant was charged with burglary, abduction with the

intent to defile, and attempted rape.  Appellant filed a pretrial

motion to exclude evidence of his prior convictions for burglary

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

and rape in August 1978 and a statement made by him to police on November 16, 1995 when they executed a search warrant related to the charged crimes.  After hearing argument, the trial court stated, "[o]n that basis, it's simply too prejudicial."  However, the trial court found that "[b]ased on Commonwealth v. Spencer and Commonwealth v. Chichester, and the facts I've heard today . . . the evidence of prior rape and the statement made by the defendant during execution of the search warrant are both admissible and the motion in limine is accordingly denied."

We view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  See Smith v. Commonwealth, 26 Va. App. 620, 496 S.E.2d 117 (1998).  At trial, the victim of the charged offenses, Dorothy Chinn, testified that on November 14, 1995, at approximately 6:00 p.m., she was walking from her kitchen to her bathroom when she saw a man wearing a mask and a camouflage outfit standing in the hallway of her home.  He grabbed Ms. Chinn by her arms and pulled her into her bedroom.  When she screamed, he told her to "be quiet," but did not put his hand over her mouth.  Ms. Chinn continued to fight her attacker, and, after she kicked him in the groin, the man left the bedroom and went out the front door.  Ms. Chinn was seventy-four years old at the time of the attack.

Detectives Dave Wood and William F. Bowler testified that the attacker gained entry into the Chinn home through a bedroom

2

window at the back of the house. By climbing the railing around the house he was able to remove the window screen and enter. The detectives also found a boot print in the bedroom near the window, which forensic analysis indicated was consistent with appellant's boot. Additionally, fibers and hair discovered in Ms. Chinn's bedding and clothing were found to be consistent with appellant's clothing and hair. None of Ms. Chinn's jewelry, which was visible on the hallway table, had been taken. Ms. Chinn told the police that the attacker's voice sounded like "the Resio boy." Although appellant lived across the street from Ms. Chinn and they had a friendly relationship, she had not seen him for about a year. Bowler testified that on November 16, 1995, when police executed the search warrant at appellant's home, appellant became angry and "said he knew why [the police] were there, that it was because of his past." This statement was part of the evidence ruled admissible at the hearing on appellant's pretrial motion.

Margaret Brooks, the victim of appellant's prior crimes, also testified at trial. Ms. Brooks stated that on August 25, 1978, she was sixty years old and lived alone. When she retired for the evening at 11:00 p.m., appellant was standing in the bedroom. Appellant had a t-shirt pulled over his head, but Ms. Brooks could see his face. Appellant grabbed Ms. Brooks around the shoulders, pushed her toward the bed, threw her on it, and told her to keep quiet, but he did not put his hand over her

mouth.  After he raped her, he left by way of the front door.

Upon investigation it was discovered that appellant had gained entry to Ms. Brooks' house by climbing a small rail fence to a low roof and slashing a window screen in a rear bathroom window.  None of Ms. Brooks' possessions were taken.  Appellant is Ms. Brooks' husband's great-great-nephew and lived within one hundred yards of her residence at the time of the attack.  Ms. Brooks had not seen appellant for at least a year before the attack.  At his trial in June 1979, appellant pled guilty to burglary and rape, and was sentenced to twenty years in prison. He was released from prison in November 1989.

The jury in the instant case convicted appellant of breaking and entering with the intent to rape and abduction with the intent to defile.[1]  The trial court sentenced him to twelve years in prison for burglary and thirty years for the abduction.

## II.

Appellant contends the trial court erred in admitting evidence of his prior convictions for burglary and rape as proof of his intent during the charged offenses.  He argues evidence of the prior crimes lacked probative value to show intent to rape because the circumstances of the prior crimes were not related to or connected with the crimes charged.  We agree.

Whether evidence is admissible falls within the broad

---

[1]The trial court granted appellant's motion to strike the attempted rape charge.

discretion of the trial court, and the court's ruling will not be disturbed on appeal absent a clear abuse of discretion.  See Miller v. Commonwealth, 15 Va. App. 301, 304, 422 S.E.2d 795, 797 (1992), aff'd, 246 Va. 336, 437 S.E.2d 411 (1993).  "Evidence of other crimes or bad acts is inadmissible if it is offered merely to show that the defendant is likely to have committed the crime charged."  Goins v. Commonwealth, 251 Va. 442, 462, 470 S.E.2d 114, 127, cert. denied, 117 S. Ct. 222 (1996).  The purpose of this rule is to prevent undue prejudice to a defendant who has a prior criminal record and to ensure him a fair trial.  See Sutphin v. Commonwealth, 1 Va. App. 241, 245, 337 S.E.2d 897, 899 (1985).

> However,
> "there are important exceptions to that rule.
>  Evidence of other crimes is admissible if it
> tends to prove any fact in issue, even though
> it also tends to show the defendant guilty of
> another crime."

Hewston v. Commonwealth, 18 Va. App. 409, 412, 444 S.E.2d 267, 268 (1994) (quoting Spencer v. Commonwealth, 240 Va. 78, 89, 393 S.E.2d 609, 616, cert. denied, 498 U.S. 908 (1990)).  "[E]vidence of other crimes or other bad acts is admissible when relevant to prove a material fact or element of the offense.  For example, 'such evidence is permissible in cases where the motive, intent or knowledge of the accused is involved.'"  Jennings v. Commonwealth, 20 Va. App. 9, 15, 454 S.E.2d 752, 755, aff'd en banc, 21 Va. App. 328, 464 S.E.2d 179 (1995) (citation omitted).

5

Intent must be proven as a matter of fact where it is an element of the offense and may be shown by the appellant's actions.  See Jennings, 20 Va. App. at 17, 454 S.E.2d at 756.

The Supreme Court's recent decision in Guill v. Commonwealth, 255 Va. 134, 495 S.E.2d 489 (1998), controls the present analysis.[2]  In Guill, the Supreme Court found the defendant's 1985 conviction for breaking and entering with the intent to rape was unrelated to the 1995 charge of breaking and entering with the intent to rape.  Because "there was no causal relation or logical connection between the 1985 offense and the crime charged," the Supreme Court held that "evidence of the 1985 crime was not probative evidence of the defendant's intent in the crime charged" and was therefore "inadmissible for purposes of proving that intent."  Id. at 140, 495 S.E.2d at 492–93.

In the instant case, no evidence suggested that the prior crime was causally related to or logically connected with the crime charged.  While the jury could reasonably infer from her

---

[2]In Guill, decided after the briefs were submitted, the Commonwealth introduced evidence of a 1985 burglary and attempted rape which it argued was sufficiently similar to the charged burglary to show the defendant's intent was to rape.  See Guill v. Commonwealth, 255 Va. 134, 495 S.E.2d 489 (1998).  The trial court found the circumstances of the prior crime sufficiently similar to the charged offense and admitted the evidence.  The Supreme Court reversed, noting several factual differences and holding that "evidence of the 1985 crime was inadmissible . . . because that offense was not idiosyncratic in relation to the facts of the present offense.  As such, the evidence lacked a logical relationship to the offenses charged and, thus, was irrelevant and showed only the defendant's propensity to commit the crime charged."  Id. at 141, 495 S.E.2d at 493.

testimony that appellant had the intent to rape Ms. Chinn, the evidence was also consistent with assault.  Under the <u>Guill</u> analysis, introduction of appellant's rape conviction as evidence that he intended rape in the charged offenses was an impermissible use of prior crimes evidence.

Additionally, appellant challenges the use of the evidence of his prior crimes for the purpose of showing his identity as the criminal agent in the charged offenses. He contends the similarities between the two crimes do not show a "singular strong resemblance" so as to establish identity. Again, we agree.

"[O]ne of the issues upon which 'other crimes' evidence may be admitted is that of the perpetrator's identity, or criminal agency, where that has been disputed." Spencer, 240 Va. at 89, 393 S.E.2d at 616. The prior crime does not have to be a "signature" crime but must show "'a singular strong resemblance to the pattern of the offense charged.'" Id. at 90, 393 S.E.2d at 616 (citation omitted). "[E]vidence of other crimes . . . is allowed if relevant to show the perpetrator's identity when some aspects of the prior crime are so distinctive or idiosyncratic that the fact finder reasonably could infer that the same person committed both crimes." Guill, 255 Va. at 138-39, 495 S.E.2d at 491.

After excluding the prior crimes evidence for the purpose of proving intent, the Guill Court considered whether the evidence was admissible under "any other exception to the general rule barring admission of 'other crimes' evidence." Id. at 141, 495 S.E.2d at 493 (citation omitted). The Supreme Court noted that

> when the identity of a perpetrator is at
> issue, evidence of another crime may be
> admitted to prove the actor's identity if the

8

> prior crime bears "a singular strong resemblance to the pattern of the offense charged" and is sufficiently idiosyncratic in relation to that offense to permit an inference of a pattern for proof purposes.

Id. (citing Spencer, 240 Va. at 90, 393 S.E.2d at 616). Although the defendant's identity was not disputed in Guill, the Supreme Court assumed without deciding that the same test was applicable where the identity of the perpetrator was not at issue. In the instant case, the identity of the intruder is at issue and the Spencer test applies, because Ms. Chinn could only identify her attacker's voice but not his face. Consequently, the application in Guill of the Spencer test controls the instant identity analysis.

The Guill Court noted that there were significant factual differences between the 1985 crime and the charged offense:

> [I]n the 1985 crime, the defendant entered a house through a rear door and proceeded to an upstairs bedroom occupied by two girls, ages 15 and 16. Here, the defendant used a ladder to crawl through a ground floor bathroom window after punching holes in the window screen. He then walked into the ground floor bedroom of two girls who were five and seven years of age.
>
> In the 1985 crime, the defendant got into the girls' bed and kissed and attempted to rape one of them. Here, there is no evidence that the defendant got into the girls' bed or touched either girl in any manner. Instead the evidence only shows that the defendant "got up" before he left the girls' room.
>
> Although the defendant threatened the girls' father in this case, he threatened the witness in the 1985 crime. Moreover, we note that conduct of this nature unfortunately is common, rather than idiosyncratic, in this type of crime.

_Guill_, 255 Va. at 141, 495 S.E.2d at 493. The Supreme Court concluded "[b]ased on the above factual differences, evidence of the 1985 crime was inadmissible under a _Spencer_ analysis because that offense was not idiosyncratic in relation to the facts of the present offense." _Id._

In the instant case, the age and circumstances of the victim, the means of entry, the method of attack, and the failure to take property were all similarities between the prior crimes and the charged offenses. However, Sheriff Mitchell Coffey and Detective William Bowler acknowledged that many of those similarities were not idiosyncratic but in fact are typical of these types of crimes.

Additionally, substantial differences distinguish the two crimes. The victim of the charged offenses described her attacker's disguise as a camouflage outfit and a mask, while Ms. Brooks testified that in his prior crime appellant wore blue jeans and merely pulled a t-shirt over his head without covering his face. Also, the instant crimes occurred at 6:00 in the evening, while the prior crimes took place at 11:00 at night. Finally, the instant victim suffered assault, but not rape, while Ms. Brooks was raped.

Under these facts, we cannot hold that appellant's prior crimes bear "'a singular strong resemblance to the pattern of the offense charged' and [are] sufficiently idiosyncratic . . . to permit an inference of a pattern for proof purposes." _Guill_, 255

10

Va. at 141, 495 S.E.2d at 493 (quoting <u>Spencer</u>, 240 Va. at 90, 393 S.E.2d at 616).  Therefore, the trial court erred in admitting evidence of appellant's prior crimes for the purpose of proving his identity.

For the foregoing reasons, the convictions are reversed and the case is remanded for further proceedings if the Commonwealth be so advised.

<u>Reversed and remanded.</u>