COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Annunziata and Senior Judge Overton*
Argued at Norfolk, Virginia


JERRY BAKER

                                        MEMORANDUM OPINION** BY
v.          Record No. 2875-97-1        JUDGE NELSON T. OVERTON
                                             MARCH 9, 1999
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                       A. Bonwill Shockley, Judge

               Catherine L. MacLean (Office of the Public
               Defender, on brief), for appellant.

               Steven A. Witmer, Assistant Attorney General
               (Mark L. Earley, Attorney General, on brief),
               for appellee.

     Jerry Baker (defendant) appeals his conviction for rape, in

violation of Code § 18.2-61.  He contends the trial court erred

by allowing the victim of a previous rape to testify at trial.

Because we agree that admission of the previous victim's

testimony was reversible error, we reverse and remand.

     The evidence, viewed in the light most favorable to the

Commonwealth, see Martin v. Commonwealth, 4 Va. App. 438, 443,

358 S.E.2d 415, 418 (1987), proved that Jeanette Huckleby was

walking along the ocean front in Virginia Beach after she

finished work.  She sat down to watch the surf and as she began

---

     *Judge Overton participated in the hearing and decision of
this case prior to the effective date of his retirement on
January 31, 1999 and thereafter by his designation as a senior
judge pursuant to Code § 17.1-401, recodifying Code
§ 17-116.01:1.

     **Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

to stand she felt a knife at her throat and heard someone say, "Come with me." The person holding the knife was defendant.

Defendant took Huckleby to her car at knife point and instructed her to drive. He directed her to a house on West Lane Street in Virginia Beach. They entered the house and defendant took her to a "bedroom" containing a bed frame and a sheet on the floor. Defendant said that he "had done this to other women, and they didn't get away with it and neither would [Huckleby]." After again threatening her with his knife, he told her to undress. Defendant then raped Huckleby.

When defendant had completed the rape, defendant dressed and told Huckleby to dress. He asked her whether she planned on "going to the cops." After Huckleby responded in the negative he asked her if she was okay and told her he "had a good time tonight." Defendant escorted Huckleby back to her car and asked her if she would "go out" with him again. He gave Huckleby his phone number. Huckleby contacted the police, and defendant was later arrested and indicted for rape and abduction with intent to defile.

At trial, the prosecution offered the testimony of Gwen Waters. She stated that in February 1995, defendant raped her in a motel room in Virginia Beach. While she was sleeping, defendant came into her room and told her to take her clothes off and threatened her with a "pointed object." When she refused, he hit her in the face and raped her.

The trial court admitted Waters' testimony for the purpose of showing intent to defile and issued a cautionary instruction to the jury limiting their use of Waters' testimony to consideration of intent. The jury found defendant guilty of rape, not guilty of abduction with intent to defile, and recommended a sentence of 70 years which the court imposed.

The law in Virginia establishes that "past crimes" evidence is generally inadmissible. As the Supreme Court of Virginia has stated:

> The general rule is well established that in a criminal prosecution, proof which shows or tends to show that the accused is guilty of the commission of other crimes and offenses at other times, even though they are of the same nature as the one charged in the indictment, is incompetent and inadmissible for the purpose of showing the commission of the particular crime charged. It is also well established that evidence of other offenses should be excluded if offered merely for the purpose of showing that the accused was likely to commit the crime charged in the indictment.

Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970). However, "in cases where the motive, intent or knowledge of the accused is involved, or where the evidence is connected with or leads up to the offense for which the accused is on trial" evidence of past crimes may be admissible. Id. Yet, "a significant nexus must exist between the prior offense and the intent required to prove the charge at hand. The nexus must be greater than a basic recitation of the fact that intent is an element of the crime." Hill v. Commonwealth, 17 Va. App. 480, 486, 438 S.E.2d 296, 300 (1993).

- 3 -

In the instant matter, defendant was charged with abduction with intent to defile, in violation of Code § 18.2-48. The Commonwealth needed to prove beyond a reasonable doubt that defendant both abducted Huckleby and intended to defile her. Defendant claimed, however, that Huckleby picked him up in her car, bought drugs with him, and eventually had sex with defendant in exchange for drugs. The issue of intent was not genuinely disputed because defendant denied Huckleby's version of events from their inception. When intent is not a matter of controversy, even if it is an element of the crime, "past crimes" evidence is not admissible to prove intent. See Blaylock v. Commonwealth, 26 Va. App. 579, 590-91, 496 S.E.2d 97, 102-03 (1998).

This case is unlike Jennings v. Commonwealth, 20 Va. App. 9, 454 S.E.2d 752, aff'd on reh'g en banc, 21 Va. App. 328, 464 S.E.2d 179 (1995), which the trial court cited as support for the admissibility of Waters' testimony. In Jennings, the defendant abducted a young boy by strapping him to a bed. Jennings then beat the boy and sexually assaulted him. During his prosecution for abduction with intent to defile, Jennings claimed that he abducted the boy in order to punish him. The state of Jennings' mind at the time of abduction was in genuine dispute. Thus, evidence of previous abductions was relevant and admissible to prove intent.

Evidence of a prior rape by defendant is not similarly relevant. Defendant contends that no confinement or abduction of

Huckleby took place at all.  There is no confusion regarding defendant's state of mind but only regarding which version of events, Huckleby's or defendant's, actually took place.  To inject evidence of a previous rape was not only irrelevant to this decision but highly prejudicial to defendant.[1]

The Commonwealth contends that even if admission of Waters' testimony was error, it was harmless error.  The erroneous admission of evidence is non-constitutional error.  See Estelle v. McGuire, 502 U.S. 62, 68-70 (1991).  Such error is harmless when it could not have affected the verdict and "substantial justice has been reached."  Harris v. Commonwealth, 27 Va. App. 554, 568, 500 S.E.2d 257, 264 (1998).  We cannot say that Waters' testimony could not have affected the verdict because it portrayed defendant as a serial rapist.  The jury was likely to use this impression in both the guilt and sentencing phases of trial.  Such potential prejudice deprived defendant of the fair trial to which he was entitled.  See Knick v. Commonwealth, 15 Va. App. 103, 106, 421 S.E.2d 479, 481 (1992).

---

[1]The trial court's jury instruction regarding Waters' rape read, "The Court instructs the jury that you may consider evidence that the defendant committed an offense, other than the offense for which he is on trial, only as evidence of defendant's intent in connection with the offense for which he is on trial and for no other purpose."  This instruction allowed the jury to use the prior rape as affirmative proof defendant raped Huckleby.  This is precisely the kind of impermissible use the exclusionary rule regarding past crimes was meant to prevent.  See, e.g., Guill v. Commonwealth, 255 Va. 134, 139, 495 S.E.2d 489, 492 (1998); Bunting v. Commonwealth, 208 Va. 309, 314-15, 157 S.E.2d 204, 208 (1967); Barber v. Commonwealth, 182 Va. 858, 863, 30 S.E.2d 565, 567 (1944).  Because we have held that Waters'

- 5 -

We hold that admission of Waters' testimony constituted reversible error. We reverse and remand defendant's conviction to the lower court for retrial if the Commonwealth be so inclined.

<u>Reversed and remanded.</u>

--------------------

testimony was inadmissible to show defendant's intent to defile and we reverse on that basis, we do not reach this second issue.

Annunziata, J., concurring.

I concur in the result reached by the majority, but disagree with its analysis as to the applicability of Blaylock v. Commonwealth, 26 Va. App. 579, 496 S.E.2d 97 (1998), and Jennings v. Commonwealth, 20 Va. App. 9, 454 S.E.2d 752, aff'd on reh'g en banc, 21 Va. App. 328, 464 S.E.2d 179 (1995).

Defendant was charged with abduction with the intent to defile under Code § 18.2-48 and rape under Code § 18.2-61. Relying on our decision in Blaylock, the majority reverses on the ground that Gwendolyn Waters' testimony was inadmissible to prove the defendant had the specific intent to defile his victim on the charge of abduction. The majority bases this holding on the premise that "[t]he issue of intent [to defile] was not genuinely disputed because defendant denied Huckleby's version of events from their inception."

I disagree that defendant's intent to defile was not genuinely in dispute and would not reverse solely for the reasons cited by the majority. Indeed, I believe the majority misreads our decision in Blaylock.

The defendant in Blaylock was charged with aggravated sexual battery upon a child less than thirteen years of age in violation of Code § 18.2-67.3. Id. at 584, 496 S.E.2d at 99. At trial, Blaylock denied the alleged sexual contact ever occurred, claiming he was not with the victim at the time in question and the victim had fabricated the charge. Under the facts of Blaylock, therefore, any relationship or logical connection

arguably existing between evidence of pornographic materials depicting various sexual acts involving children and the elements of the pending charge was tenuous. Thus, the probative value of the evidence was outweighed by the prejudice flowing from its admission. Id. at 592-93, 496 S.E.2d at 103-04.

Unlike Blaylock, in this case, defendant admits being in Huckleby's company and having sexual intercourse with her on the night in question but denies the alleged circumstances and intent with which he acted. Thus, the defendant's intent was in controversy and, contrary to the majority's holding, I do not believe Blaylock is dispositive.

As we acknowledged in Hill v. Commonwealth, before evidence of prior crimes will be admitted to prove intent "a significant nexus must exist between intent and the charge at hand. That nexus must be greater than a basic recitation of the fact that intent is an element of the crime. To conclude otherwise is to allow the exception . . . to swallow the general rule." 17 Va. App. 480, 486, 438 S.E.2d 296, 300 (1993). It is well established that evidence tending to show a defendant's commission of a prior crime is generally inadmissible to prove the crime charged. Guill v. Commonwealth, 255 Va. 134, 138, 495 S.E.2d 489, 491 (1998). As an exception to this rule, "other crimes" evidence is admissible if it tends to prove any element of the offense charged, including the defendant's intent. Id.

When offered to prove an element of the crime charged, however, such evidence "is subject to the further requirement

that the legitimate probative value of the evidence must exceed the incidental prejudice caused the defendant." Id. at 139, 495 S.E.2d at 491-92. In Guill, the Supreme Court recently addressed whether "other crimes" evidence was sufficiently probative to be admitted to prove the defendant's intent in the crime charged. In that case, the defendant was charged with breaking and entering a dwelling house with the intent to commit murder, rape, or robbery in violation of Code § 18.2-90. Id. at 136, 495 S.E.2d at 490. The Commonwealth presented evidence showing the defendant had broken into another house ten years earlier and attempted to rape a young female in her bedroom. Id. at 137, 495 S.E.2d at 491. In setting aside the defendant's conviction, the Court held the evidence of the prior crime was "not probative evidence of the defendant's intent in the crime charged and was irrelevant and inadmissible for purposes of proving that intent." Id. at 140, 495 S.E.2d at 493. Citing a number of precedential cases, the Court based its finding on the grounds that no "causal relation or logical connection" existed between the prior offense and the crime charged and that the two crimes did not form parts of the same transaction. Id. at 139-40, 495 S.E.2d at 492-93. See Donahue v. Commonwealth, 225 Va. 145, 155-56, 300 S.E.2d 768, 773-74 (1983) (holding the trial court erred in admitting evidence of prior drug sales to prove the defendant's intent to distribute because those sales, taking place over a month before the crime charged, were unrelated); Barber v. Commonwealth, 182 Va. 858, 862-63, 868, 30 S.E.2d 565, 567, 569-70 (1944) (holding

that evidence of a prior rape was inadmissible to show the defendant's intent to rape without some causal relation or natural connection with the crime charged); Walker v. Commonwealth, 28 Va. (1 Leigh) 574, 580 (1829) (finding error in the admission of evidence of a prior larceny because the evidence did not have a "necessary conne[ct]ion with the transaction then before the court as to be inseparable from it.").

Contrary to the majority, I believe our decision in Jennings is instructive. In Jennings, the defendant appealed his conviction of abduction of a fourteen-year-old boy with the intent to defile in violation of Code § 18.2-48 and forcible sodomy in violation of Code § 18.2-67.1. Id. at 12, 454 S.E.2d at 753. The sole issue on appeal was whether the trial court erred by admitting into evidence, for the purpose of showing intent to defile, Jennings' admission that he had sodomized four other children on four prior occasions. Id.

At trial, Jennings denied the charges altogether, but the victim's testimony called Jennings' intent to defile into issue. The victim testified that, during the commission of the offense, Jennings claimed his purpose in shackling the boy to a cot was to punish him, not to sodomize. Id. at 17, 454 S.E.2d at 756. On appeal, we affirmed the admission of the "other crimes" evidence, noting "[t]he proof was admissible for the narrow and direct purpose of allowing the fact finder to determine Jennings' intent based on what he admitted having done under similar circumstances

- 10 -

on prior occasions." Id. at 18, 454 S.E.2d at 756 (emphasis added).

In this case, defendant admitted being with Huckleby and engaging in sexual intercourse with her on the occasion in question but denied abducting her with the intent to defile, claiming instead their encounter was voluntary, a transaction involving the exchange of sex for drugs. Thus, like Jennings, contradictory evidence of defendant's actions placed his intent in controversy at trial. However, in contrast to Jennings, the circumstances surrounding the present offense are not similar to those attending the prior crime.

Here, the evidence of Waters' rape displayed no causal relation or logical connection with the crimes charged. According to Huckleby, defendant approached her in public and forced her to drive him to a house. Upon their arrival, defendant allegedly brought Huckleby inside the house, engaged in conversation with her, and raped her in a room of that house. Huckleby's rapist never struck her, even after she refused his request for oral sex. According to Waters' testimony, the defendant surreptitiously entered her hotel room while she slept, ordered her to remove her clothing, and then raped her. When Waters refused to remove her clothing, the rapist struck her with enough force to cause her to see stars. Although both rapists used a sharp object to subdue their victims, the crimes displayed very little similarity in all other respects and took place nearly eighteen months apart.

Based on these facts, I find the prejudicial effect of Waters' testimony outweighed its probative value. As such, the evidence was inadmissible for the purpose of showing defendant's intent in the crimes charged.

"A nonconstitutional error is harmless if 'it plainly appears from the record and the evidence given at trial that the error did not affect the verdict.'" Scott v. Commonwealth, 18 Va. App. 692, 695, 446 S.E.2d 619, 620 (1994) (quoting Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc)). "An error does not affect a verdict if a reviewing court can conclude, without usurping the jury's fact finding function, that had the error not occurred, the verdict would have been the same." Id.

The Commonwealth argues that the admission of Waters' testimony was harmless error based on the "cumulative" nature of her testimony, other "overwhelming evidence corroborating Huckleby's" version of events, and the trial court's limiting instruction. I disagree and concur with the majority's finding that the admission of Waters' testimony was harmful error.

At trial, the jury heard contradictory accounts as to whether defendant raped Huckleby. According to Huckleby, defendant forced her to have sex, telling her in the process that he had "done this" (i.e. committed abduction or rape) to other women. Although defendant admitted to having sex with Huckleby on the occasion in question, he contended their contact was

- 12 -

consensual.  In order for the jury to convict defendant of rape, it must have found his testimony not worthy of belief.

Based on my review of the record and the contradictory testimony given by defendant and the victim, I cannot say, "without usurping the jury's fact finding function," that it plainly appears Waters' testimony did not affect the verdict. The admission of Waters' testimony corroborated Huckleby's testimony that defendant admitted to sexually assaulting other women.  Moreover, the prejudicial effect of Waters' testimony, by impermissibly suggesting that defendant had a propensity to rape, discredited defendant's testimony that he had consensual sex on the occasion in question.  The Commonwealth compounded the impact of Waters' testimony in closing argument.[2]  See Conway v.

---

[2]The Commonwealth argued in pertinent part:

> You know for a fact what happened with Gwynn Waters.  It is not contested at all.  The defendant spoke about other things, and not once did we hear that what happened with Gwynn Waters was anything but the truth.  That fact is before you and is absolutely uncontested. There is no doubt in this trial whatsoever that that is an absolutely true fact.  No room for you to doubt.  Nothing at all.  It's never been contested.  That is an absolute fact, and with that fact you can look at what the defendant's intent and purpose was in employing his words [when he raped Huckleby]. I've done this before.  You won't get away with it, he said as he held a knife . . . to the victim's throat . . . and violated her in the most personal and awful way that any human being could be violated short of being murdered. . . . It's a unique, frightening signature, identifiable comment, coming from that defendant, that rapist over there. Consider that.

Commonwealth, 12 Va. App. 711, 716, 407 S.E.2d 310, 313 (1991) (finding that the admission of an inadmissible recording, which undercut the defendant's credibility, was harmful error based, in part, on the Commonwealth's emphasis on the recording's import in closing argument).

As to the Commonwealth's assertion that Waters' testimony was merely cumulative, the only other evidence in the record supporting her testimony is Huckleby's statement on direct examination that defendant told her he had "done this" to other women. It must be remembered, however, that Huckleby's account of the facts was contradicted by defendant's testimony that he had consensual sex with Huckleby. The probative value of Huckleby's testimony was an issue for the jury to decide. Thus, I cannot say Waters' testimony was merely cumulative of other credible evidence, and therefore harmless, "without usurping the jury's factfinding function." Id. See Taylor v. Commonwealth, 3 Va. App. 59, 62-63, 348 S.E.2d 36, 38 (1986) (finding improper admission of the defendant's polygraph test results was not harmless beyond a reasonable doubt when the defendant's credibility "was a crucial issue to be decided in resolving" a conflict in the evidence).

_____

* * * * * * *

> Jeanette Huckleby reports [defendant] took a knife, raped me at knife point, and subdued me by what? By threats and boasting of his prior criminal activity. Consider that, ladies and gentlemen. Consider that.

Furthermore, I also reject the Commonwealth's assertions that the court's error was harmless by virtue of its jury instruction. The trial court instructed the jury that it could consider the evidence of Waters' rape as evidence of defendant's intent during the crimes charged. As previously noted, evidence of Waters' rape was inadmissible to prove the defendant's intent as to the crimes charged. I fail to see how the court's ratification of the impermissible use of inadmissible evidence mitigates against a finding of harmful error. See Abunaaj v. Commonwealth, 28 Va. App. 47, 57, 502 S.E.2d 135, 140 (1998) (stating that juries are presumed to follow a trial court's limiting instructions).

Finally, contrary to the Commonwealth's assertion, the record does not support a finding of harmless error based on the existence of other overwhelming evidence of defendant's guilt. In fact, the evidence the Commonwealth cites as demonstrative of defendant's guilt, to wit, Huckleby's accurate description of the room in which she was allegedly raped, Huckleby's description of a knife found in the room, the presence of defendant's fingerprints in Huckleby's car, and the presence of defendant's semen within Huckleby's person, is equally consistent with defendant's contention that his contact with Huckleby on the night in question was consensual.

For the foregoing reasons, I would also reverse defendant's conviction.