## CIRCUIT COURT OF AMHERST COUNTY

Commonwealth of Virginia

v.

Mark Evan Schaerfl

November 3, 2008

Case No. CR08-13335-01

BY JUDGE J. MICHAEL GAMBLE

Mr. Schaerfl is charged with two felonies of committing forcible sodomy with a five-year-old child in violation of Va. Code § 18.2-67.1. The Commonwealth has filed a motion in limine requesting the court to rule on two evidentiary issues.

First, the defendant stated during a police interview that he had been convicted of indecency with a minor in Texas. The defendant said "I touched a girl on her privates." According to the defendant, he received five years probation.

The defendant maintains that this is evidence of another offense that is generally not admissible and that it would be prejudicial if it is admitted in court.

It is established in Virginia jurisprudence that evidence of other offenses is generally not admissible to prove guilt of the crime for which the defendant is presently on trial. *Moore v. Commonwealth*, 222 Va. 72, 76, 278 S.E.2d 822 (1981). There are, however, exceptions to this rule. This evidence can be admitted if it shows conduct and feelings of the accused towards the victim, proves any relevant element of the offense, or proves motive, intent, or knowledge of the accused. *Guill v. Commonwealth*, 255 Va. 134, 138, 495 S.E.2d 489 (1998). Further, the probative value of the evidence must outweigh its prejudicial effect. *Guill*, 255 Va. at 139.

It has also been held, however, that evidence of other similar offenses may be admitted for establishing intent in cases of assault with intent to commit rape and crimes involving depraved sexual instinct. *Commonwealth*

*v. Minor*, 267 Va. 166, 176, 591 S.E.2d 61 (2004); see also *Lovely v. United States*, 169 F.2d 386, 390 (4th Cir. 1948).

The instant case is a case where evidence of other sexual crimes of like nature is admissible to establish intent. Clearly, sodomy on a child five years of age is a crime involving a depraved sexual instinct. The Texas conviction of indecency with a minor by touching her private parts is relevant to prove intent in the instant case. Based upon the decision in the Supreme Court of Virginia in *Commonwealth v. Minor*, I rule this conviction is admissible.

Next, the defendant produced evidence that the victim has pulled her pants down in public places on other dates. The Commonwealth objects to this evidence. I rule that this evidence is not admissible, and the motion in limine is granted. Evidence of a person's habits is not admissible for the purpose of showing conduct on a specific occasion. Such evidence of habitual conduct is inadmissible because it consists only of collateral facts from which no fair inference can be drawn and which tends to mislead the jury and divert its attention from the issues before the court. *Ligon v. Southside Cardiology Asso.*, 258 Va. 306, 311, 519 S.E.2d 361 (1999). The Court of Appeals has made this evidentiary rule applicable to criminal cases. *Hodges v. Commonwealth*, 45 Va. App. 735, 764, 613 S.E.2d 834 (2005). Further, the General Assembly enacted Va. Code § 8.01-397.1 in 2000 to allow the admissibility of habit evidence in civil cases. However, the statute expressly applies only to civil proceedings. Thus, legislature has also declined to allow habit evidence to be admitted in criminal cases.

Additionally, I find that Va. Code § 18.2-67.7 is not applicable to any evidence of the victim pulling her pants down in public places. First, it does not fall within the definition of unchaste (free from sexual activity). Next, it is not sexual conduct. Also, it is not evidence designed to explain the evidence of semen, pregnancy, disease, or physical injury. It is not evidence of prior sexual conduct between the defendant and the victim. Last, it is not evidence offered to rebut evidence of the complaining witness's prior sexual conduct introduced by the prosecution.