COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Beales and Senior Judge Annunziata


SHAWN McCAULEY

v.      Record No. 2587-09-3

JESSICA HOOVER
                                                MEMORANDUM OPINION*
SHAWN McCAULEY                                       PER CURIAM
                                                    JUNE 1, 2010
v.      Record No. 2588-09-3

JESSICA HOOVER


                FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                            James V. Lane, Judge

                (W. Andrew Harding; Eldridge, Elledge, Evans & Harding, PLC, on
                briefs), for appellant.  Appellant submitting on briefs.

                No brief for appellee.


        Shawn McCauley is currently incarcerated at the Augusta Correctional Center.  Prior to a

hearing regarding visitation with his two minor children, ages five and three, McCauley filed a

motion for transportation in the Rockingham County Circuit Court (trial court).  He sought to testify

before the trial court to explain why he should be permitted visitation with his children while

incarcerated, as well as why Jessica Hoover, the children's mother, should not retain discretion over

decisions of visitation for the children.  The trial court reviewed McCauley's proffer outlining the

nature of the testimony he would give if permitted to testify.  It determined McCauley's guardian *ad

litem* was capable of adequately addressing his concerns at trial, and denied his motion for

transportation on October 8, 2009.  This appeal followed.

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Code § 8.01-410 provides, in pertinent part:

> Whenever any party in a civil action in any circuit court in this Commonwealth requires as a witness in his behalf, an inmate in a state or local correctional facility as defined in § 53.1-1, the court, on the application of such party or his attorney may, *in its discretion and upon consideration of the importance of the personal appearance of the witness* and the nature of the offense for which he is imprisoned, issue an order to the Director of the Department of Corrections to deliver such witness to the sheriff of the jurisdiction of the court issuing the order.

(Emphasis added.) "'[A] trial court's discretionary ruling will not be disturbed on appeal absent a clear abuse of discretion.'" Guill v. Commonwealth, 255 Va. 134, 146, 495 S.E.2d 489, 496 (1998) (quoting Coe v. Commonwealth, 231 Va. 83, 87, 340 S.E.2d 820, 823 (1986)).

In this case, the trial court reviewed McCauley's proffer, concluded McCauley's presence would not aid the decisional process, and found that the guardian *ad litem's* testimony was sufficient to rule on the issue of visitation. From the evidence before us, we cannot conclude the trial court abused its discretion in reaching its conclusion. As such, we affirm the decision of the trial court.

Affirmed.