# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Commonwealth of Virginia

v.

Nathaniel Lamb

April 24, 2015

Case No. 14-178

BY JUDGE RICHARD E. MOORE

I wanted to follow up on the motion hearings we had on March 3 and March 16 on the issue of whether the facts or details of the Albemarle County charge(s) can come into evidence in this Charlottesville trial. The question in this case is whether evidence of another abduction and/or sexual assault is admissible at the trial of charges of abduction with intent to defile and rape, or must such be excluded.

Evidence of other crimes or prior bad acts is generally not admissible if the sole purpose of such is to show the defendant's propensity to commit the crime charged or suggest that, since he committed the prior offenses, he probably committed the current ones, or to prove his bad character. Rule 2:404(b), Rules of the Supreme Court of Virginia; *Guill v. Commonwealth*, 255 Va. 134, 138 (1998); *Lafon v. Commonwealth*, 17 Va. App. 411, 417 (1993); *Kirkpatrick v. Commonwealth*, 211 Va. 269, 272 (1970).

However, there are several clearly articulated and long-accepted exceptions to the general rule of inadmissibility.

Such evidence may be admissible if it tends to establish any element or matter at issue. Rule 2:404(b); Friend and Sinclair, *The Law of Evidence in Virginia*, § 8-4[a]. The list is not exclusive, but such may be admissible to show motive, intent, purpose, plan or planning, or absence of mistake, accident, or misunderstanding, or to prove identity. *Shifflett v. Commonwealth*, 29 Va. App. 521, 529 (1999); *Guill, supra*, 255 Va. at 138-39; *Jennings v. Commonwealth*, 20 Va. App. 9, 15 (1995); *Lafon, supra*, 17 Va. App. at 417-18; *Satcher v. Commonwealth*, 244 Va. 220, 230 (1992); *Cheng v. Commonwealth*, 240 Va. 26, 34 (1990); *Foster v. Commonwealth*, 5 Va. App. 316, 319-20 (1987); *Kirkpatrick, supra*.

If the purpose of such evidence is solely to show propensity or predisposition, then it is not admissible. Rule 2:404(b).

"Prior" bad acts refers to acts prior to trial, not necessarily prior to the commission of the present offense. Thus another way of speaking of the evidence is "other crimes." So the "prior" offense may be subsequent in time to the commission of the present offense, so long as it is close enough in time to be relevant and is not remote. See *Jennings, supra; Lafon, supra,* 17 Va. App. at 419, 420; *Pugliese v. Commonwealth,* 16 Va. App. 82, 90 (1993).

Even if such evidence is material and relevant and potentially admissible, it still may not be admitted unless the probative value of the disputed evidence outweighs any prejudicial effect. If it is unduly prejudicial, it is not admissible. *Commonwealth v. Minor,* 267 Va. 166, 172 (2004); *Pavlick v. Commonwealth,* 27 Va. App. 219, 226 (1998); *Lafon,* 17 Va. App. at 418; *Spencer v. Commonwealth,* 240 Va. 78, 90, *cert. den.,* 498 U.S. 908 (1990); *Woodfin v. Commonwealth,* 236 Va. 89, 95 (1988); Rule 2:404(b).

The defendant stands charged in Charlottesville with abduction with intent to defile and rape. The Commonwealth, as a part of its case in chief, intends to present evidence of another offense with strikingly similar facts, which occurred in a neighboring jurisdiction about a year later. The defendant in the other case similarly allegedly lured the victim with a ruse, through Craigslist, used a false persona of an attorney whose four-letter name started with "M," stated that no sex would be involved, discussed the same amount of money, asked the victim to come to a specific location in the same area (on Angus Road, near Meadows Presbyterian Church, Kentucky Fried Chicken, and Best Buy), and used duct tape over the victim's eyes, with still other similarities.

In order to prove the defendant's specific intent in the abduction case as well as the element of deception, and general criminal intent in the rape case, and to call into question the defendant's version/account of the events, and thus his credibility, the Commonwealth wishes to present the evidence from such other incident. The abduction charged is abduction with intent to defile. The purpose of the evidence of the other offense is to show that the defendant, when he abducted the victim, was doing so with the intent to rape or sexually assault her, and that he intentionally deceived her, and that all of the circumstances weigh against an innocent intent or misunderstanding. The stated defense in the present (City) rape case is consent, and not identity.

Mr. Hallahan argued at the hearing that there is a distinction in the case law as to the permissibility of using such evidence in the abduction case, where specific intent is an issue, and in the rape case where it is not an issue. Ms. Killeen for the Commonwealth conceded that there is a difference in the language and rationales of the case opinions between these two types of cases, but did not concede that that distinction is dispositive on the issue of admissibility in the rape case. The issue there, where identity is not a

defense, is whether the extreme similarity of the two offenses is probative and admissible to prove the general intent that is necessary to convict of any criminal offense or his specific intent (though not an element) to commit rape, or to challenge the defendant's credibility and explanation, or for some other proper purpose, or whether such is simply not admissible at all.

Because we anticipate a further hearing for receiving additional authorities and argument on that second issue regarding the rape charge, I decided to go ahead and issue a ruling on the admissibility of the evidence in the abduction case.

In short, the cases of *Lafon, Jennings,* and *Shifflett,* cited above, and even the discussion in *Gonzalez v. Commonwealth,* 45 Va. App. 375 (2005) (relied on by the defense as to the inadmissibility of such other crimes evidence in the rape case), clearly indicate that the defendant's actions in the Albemarle case can be used to prove his intent to defile as well as deception in the Charlottesville abduction case. The Court will allow such evidence to be admitted. I will outline my reasons below:

Without reciting here all of the factual allegations of both offenses, in reviewing the proffered evidence in the two cases I found at least thirteen points of similarity in the facts between the Albemarle case and Charlottesville case. They are as follows:

(1) In each case, there was an initial contact via Craigslist.

(2) In each case, the person making the initial contact purportedly was making arrangements for another person.

(3) In each case, the contact by the first person was only by email, while the follow up contact with the "principal" was by telephone or text.

(4) Each case involved a role-play or fantasy scenario.

(5) In both cases, the victim was given assurances of her safety.

(6) In each case the victim was assured that there would be no actual sex acts required or involved.

(7) In each case, the purported true party in interest was identified as an attorney, with a four letter name that started with "Ma--" (Mark and Matt).

(8) Each case involved some sort of bondage: in each case, duct tape was used to cover the victim's eyes, and something was used to bind her hands, handcuffs in one, and plastic ties in the other.

(9) In each case, there was to be payment of $3000, or such figure was discussed.

(10) In each case, the meeting point was to be at the same general area, on Angus Road in Charlottesville, near the Meadows Presbyterian Church, behind the Kentucky Fried Chicken, and close to Best Buy.

(11) In both cases, at some point the victim had her air supply cut off (in one case the victim was choked and said she "could not breathe" and in the other she also said she could not breathe and "thought she was going to faint").

(12) In both cases, the victim said "no," and was told by the defendant that she should be submissive.

(13) In both cases, the victim was sexually assaulted at least twice, with some time passage in between the two assaults, and some driving between incidents to a different location.

There may be even more similarities, but these are sufficient for a jury to conclude not only that the same person committed both offenses, but that he did so with the same intent and desire, with the same plan, and for the same purpose.

In *Shifflett v. Commonwealth*, 29 Va. App. 521 (1999), a first degree murder case, evidence of another assault was admissible to prove intent to sexually assault, as well as to prove premeditation, motive, malice, and feelings of the defendant towards the victim, but not identity (the court there citing *Lafon*). The court said that there was a sufficient logical connection between the two crimes (adequate "idiosyncrasies").

In *Jennings v. Commonwealth*, 20 Va. App. 9 (1995), in an abduction with intent to defile trial, evidence of the defendant's sexual abuse of four other children was admissible to prove specific intent to sodomize the victim.

In *Lafon v. Commonwealth*, 17 Va. App. 411, 417-20 (1993), a murder and abduction case, evidence of a prior plan to abduct and sexually assault (and possibly murder) another woman was deemed admissible to prove intent, motive, and premeditation to abduct and murder the victim.

In *Gonzalez*, cited above, in which specific intent was not at issue, in drawing a distinction between scenarios that involve specific intent and those that do not, the Court implies that, where specific intent must be proved, a much broader range of evidence is then admissible to prove such intent.

Such evidence is not being offered in this case simply to show a propensity of the defendant to commit the act or to paint him as bad and, therefore, more likely to have committed the offense. Rather, the evidence is being offered to show that there are so many similarities between the two offenses that he was "up to" and intended the same things in each case. There clearly is a sufficient similarity on many points for a jury to conclude that, when the defendant does all of those things in both scenarios, he is intending to do or accomplish the same thing in both cases, to abduct by ruse in order to gain sexual gratification.

Therefore, the jury could consider this in determining whether he had the intent to defile (or intentionally deceive) at the time he engaged in this ruse with the Charlottesville victim and followed through with the abduction. They can consider it when he says it was all legitimate contact and a consensual sexual arrangement. I also do not find that this clear probative value is outweighed by the incidental prejudicial effect.

For these reasons, and based on the cited case law, the Court determines that the facts and details of the Albemarle County abduction and rape are admissible in the trial of the Charlottesville abduction with intent to defile charge at least to prove specific intent (intent to defile) and deception, and possibly for other reasons and purposes.

I will leave for future hearing and argument (1) whether such evidence from the Albemarle County case is also admissible under the prevailing case law in the trial of the City rape charge, and (2) if such is admissible in the abduction case, but determined to be inadmissible in the rape case, whether the charges need to be severed for trial, or whether a cautionary or limiting instruction would be sufficient. Specifically, the remaining issue regarding the rape charge includes the questions raised in the hearing regarding whether the admissibility issue is different if the defendant testifies, and to what extent the other evidence is admissible even if he does not testify in light of his statement on video.

I have this day entered the order prepared by Ms. Killeen and endorsed by Mr. Hallahan setting forth this ruling that the Commonwealth may use evidence of the Albemarle abduction and rape in the Charlottesville abduction with intent to defile charge in order to prove Defendant's intent to defile and deception. (The order also addresses other matters.) Mr. Hallahan's exception to the ruling in this letter opinion, paragraph one on page three of the order, is noted and preserved.

The matter is now set for trial with a jury on February 22-23, 2016.