Present:  Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and
Agee, JJ., and Russell, S.J.

KYNA CHANELLE McGOWAN

OPINION BY
v.  Record No. 062482     JUSTICE LAWRENCE L. KOONTZ, JR.
                               November 2, 2007
COMMONWEALTH OF VIRGINIA

              FROM THE COURT OF APPEALS OF VIRGINIA


     In this appeal, the sole issue we consider is whether the

trial court erred in admitting evidence of a subsequent crime

committed by the criminal defendant for the purpose of

impeaching the credibility of the defendant's testimony during

cross-examination.

                            BACKGROUND

     Kyna Chanelle McGowan (McGowan) was indicted, as a

principal in the second degree, for unlawfully and feloniously

distributing cocaine on March 4, 2004 in the City of Hampton.

Thereafter, she was tried and found guilty of that offense in

a jury trial conducted in the Circuit Court of the City of

Hampton, and sentenced to five years imprisonment with a

$5,000 fine.

     We state the evidence taken at trial in the light most

favorable to the Commonwealth, the prevailing party below.

Teleguz v. Commonwealth, 273 Va. 458, 467, 643 S.E.2d 708, 714

(2007).  On March 4, 2004, James McCoy (McCoy), a confidential

informant working for the Hampton Police Department's Special

Investigations Unit, conducted a controlled buy of crack cocaine as part of a local drug interdiction program. After driving to a particular shopping center known to be in a "high-drug area," McCoy was approached by Saroyal Booker (Booker), who asked McCoy whether "he was looking." McCoy responded that he wanted a "20 rock." Booker then instructed McCoy to follow her because her "girl [was] across the street at McDonald's."

Upon arriving at the McDonald's parking lot, McCoy watched as Booker approached and spoke with McGowan. McCoy continued his observation as McGowan reached under her shirt and handed something to Booker. Booker then returned to McCoy and handed him two rocks of crack cocaine in exchange for twenty dollars. Booker then walked over to McGowan, and again, a transaction occurred.

On July 13, 2004, McGowan was arrested pursuant to the indictment charging her for distribution of cocaine on March 4, 2004. At that time, Hampton Police Detective Christine Saunders conducted a search incident to arrest, during which McGowan "turned her back, reached down into her bra and handed [the Detective] two items . . . wrapped in small pieces of plastic." Detective Saunders believed these items to be crack cocaine.

Prior to trial, the Commonwealth moved the trial court in limine to allow it to introduce evidence of the suspected crack cocaine found in McGowan's possession on the day of her arrest. The court denied the motion with respect to the introduction of the evidence in the Commonwealth's case-in-chief. However, the court expressly reserved ruling as to whether the Commonwealth could introduce that evidence in rebuttal.

McGowan chose to take the stand during the ensuing jury trial, denying any knowledge of, and participation in, the March 4, 2004 drug sale. McGowan maintained that she had removed money from her bra and given it to Booker, her friend, to buy a meal at the McDonald's restaurant. During cross-examination, McGowan testified that she "wouldn't know crack cocaine if [she] saw it." In an attempt to impeach McGowan's statement, the Commonwealth then asked "[s]o when you were arrested on July 13, 2004, did you have any crack cocaine on your person?" Over defense counsel's objection, the trial court allowed similar questioning to proceed, to which McGowan denied possessing crack cocaine on July 13, 2004. The court reasoned that, because McGowan had not objected to initial questions concerning her lack of knowledge of crack cocaine, she had thus "opened the door" to the evidence of her later possession of the drug on July 13, 2004. The Commonwealth

3

then elicited the testimony of Detective Saunders regarding the arrest and search of McGowan on July 13, 2004, for the purpose of rebutting McGowan's testimony.

At the conclusion of the introduction of the evidence, the trial court gave a limiting instruction directing the jury to consider the July 13, 2004 incident "only as evidence of the defendant's intent, opportunity or as evidence of the absence of mistake or accident on the part of the defendant in connection with the offense for which she is on trial." When the proceedings in the trial court were concluded, McGowan pursued an appeal of her conviction in the Court of Appeals.

The Court of Appeals affirmed McGowan's conviction in a divided en banc decision, holding that "[t]he trial court properly admitted the evidence of McGowan's subsequent possession of cocaine in order to prove her knowledge of cocaine, as well as to impeach her credibility." McGowan v. Commonwealth, 48 Va. App. 333, 344, 630 S.E.2d 758, 764 (2006). This appeal followed.

DISCUSSION

The thrust of the Commonwealth's position is that McGowan "opened the door" to evidence of other crimes when she testified during cross-examination that she had no knowledge of cocaine. See Satcher v. Commonwealth, 244 Va. 220, 251-52, 421 S.E.2d 821, 840 (1992) (denial of complicity in crime by

4

witness opens the door for questions on cross-examination relevant to issue of guilt or innocence). The Commonwealth does not contend that the evidence of McGowan's possession of crack cocaine when she was arrested on July 13, 2004 was admissible in its case-in-chief to prove that McGowan had the requisite knowledge of cocaine on March 4, 2004 as charged in the indictment.

Indeed, in accord with this Court's well-established precedent addressing the inadmissibility of evidence of other crimes to prove the crime presently charged, there is no challenge to the trial court's denial of the Commonwealth's motion in limine with regard to that issue. See generally, Kirkpatrick v. Commonwealth, 211 Va. 269, 176 S.E.2d 802 (1970). Likewise, there is no dispute that in order to convict McGowan of the charged offense, the Commonwealth had the burden of proving that McGowan had knowledge of the nature and character of the substance involved in the alleged distribution on March 4, 2004. See Burton v. Commonwealth, 215 Va. 711, 713, 213 S.E.2d 757, 759 (1975) (Commonwealth must prove that defendant possessed drug with knowledge of its nature and character). Thus, the sole focus of our analysis here is whether, under the particular circumstances of this case, the Commonwealth was properly permitted to introduce evidence of another crime during its cross-examination of

McGowan and during rebuttal testimony in order to establish an essential element of the crime charged.

In Guill v. Commonwealth, 255 Va. 134, 495 S.E.2d 489 (1998), we held that:

> Evidence that shows or tends to show a defendant has committed a prior crime generally is inadmissible to prove the crime charged. Such evidence implicating an accused in other crimes unrelated to the charged offense is inadmissible because it may confuse the issues being tried and cause undue prejudice to the defendant.

Id. at 138, 495 S.E.2d at 491 (internal citations omitted). There are several exceptions to this rule. "Evidence of 'other crimes' is relevant and admissible if it tends to prove any element of the offense charged. Thus, evidence of other crimes is allowed when it tends to prove motive, intent, or knowledge of the defendant." Id. (citing Kirkpatrick, 211 Va. at 272, 176 S.E.2d at 805) (emphasis omitted).

However, in order for evidence of the defendant's other crimes to be admissible under the "knowledge of the defendant" exception, its tendency to produce prejudice must not outweigh its probative value. See Coe v. Commonwealth, 231 Va. 83, 87, 340 S.E.2d 820, 823 (1986). We have held in this regard that "[e]vidence of collateral facts or those incapable of affording any reasonable presumption or inference on matters in issue, because [they are] too remote or irrelevant, cannot be accepted in evidence." Bunting v. Commonwealth, 208 Va.

6

309, 314, 157 S.E.2d 204, 208 (1967).  Accordingly, " '[t]he test as to whether a matter is material or collateral, in the matter of impeachment of a witness, is whether . . . the cross-examining party would be entitled to prove it in support of his case.' "  Stottlemyer v. Ghramm, 268 Va. 7, 12, 597 S.E.2d 191, 193 (2004) (quoting Allen v. Commonwealth, 122 Va. 834, 842, 94 S.E. 783, 786 (1918)).  Therefore, when " 'the circumstances [of the other event] have no intimate connection with the main fact; if they constitute no link in the chain of evidence . . . they ought to be excluded.' "  Guill, 255 Va. at 139, 495 S.E.2d at 492 (quoting Walker v. Commonwealth, 28 Va. (1 Leigh) 574, 577 (1829)).  Evidence that relates to a separate offense for which the defendant is not currently standing trial, and which cannot be used for any purpose other than for impeachment of the defendant, is certainly collateral to the main issue.  Cf. Seilheimer v. Melville, 224 Va. 323, 327, 295 S.E.2d 896, 898 (1982).

Notwithstanding these principles, it is well settled that, "[e]very criminal defendant is privileged to testify in his own defense, or to refuse to do so.  But that privilege cannot be construed to include the right to commit perjury."  Harris v. New York, 401 U.S. 222, 225 (1971).  Clearly, a criminal defendant such as McGowan cannot expect to make a misleading statement to the jury without also

"open[ing] the door to cross-examination for the purpose of attacking [her] credibility." Santmier v. Commonwealth, 217 Va. 318, 319-20, 228 S.E.2d 681, 682 (1976). Under our jurisprudence however, the cross-examiner is bound by the answer given, and cannot introduce any extrinsic evidence to otherwise contradict the witness. Allen, 122 Va. at 841, 94 S.E. at 785. Thus, "the answer of the witness will be conclusive; [she] cannot be asked as to any collateral independent fact merely with a view to contradict [her] afterwards by calling another witness." Id. at 842, 94 S.E. at 786.

Applying these principles to the facts in this case, we are of opinion that the trial court erred in permitting the Commonwealth to introduce evidence of McGowan's alleged possession of crack cocaine on July 13, 2004, during the trial for the March 4, 2004 distribution of cocaine. Assuming, as we must from the record, that the substance recovered during the search of McGowan on July 13, 2004 was in fact crack cocaine, evidence of McGowan's possession of that substance was evidence of another crime. The July 13, 2004 crime was committed subsequent to the crime charged, and had little, if any, tendency to prove that McGowan had knowledge of cocaine on March 4, 2004. This evidence was

8

therefore unduly prejudicial and inadmissible in the Commonwealth's case-in-chief.

Moreover, while the Commonwealth had the right to cross-examine McGowan with regard to her knowledge of crack cocaine after she chose to testify on her own behalf, the Commonwealth was not permitted through the testimony of Detective Saunders to offer clearly prejudicial evidence of another crime to rebut McGowan's testimony.  The Commonwealth cannot be allowed to essentially smuggle into evidence during its cross-examination of a defendant proof of another crime not admissible in its case-in-chief, which is not only highly inflammatory and misleading to a jury, but lacking in serious probative value as well.  To hold otherwise would, as the dissent in the Court of Appeals aptly noted, allow the exception to swallow the rule prohibiting evidence of other crimes in drug-related cases. McGowan, 48 Va. App. at 347, 630 S.E.2d at 765 (Frank, J., dissenting).

CONCLUSION

For these reasons, we conclude that the Court of Appeals erred in holding that the trial court properly admitted the evidence of McGowan's subsequent possession of cocaine in order to prove her knowledge of cocaine on March 4, 2004, as well as to impeach her credibility.  Accordingly, we will

9

reverse the judgment of the Court of Appeals and remand this case to that Court with instructions that the case be remanded to the trial court for a new trial, if the Commonwealth be so advised.

<u>Reversed and remanded</u>.