COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Humphreys and Powell
Argued at Richmond, Virginia


JAMES AARON PEARCE

                                                    OPINION BY
v.      Record No. 2188-07-2              JUDGE LARRY G. ELDER
                                                    DECEMBER 16, 2008

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Walter W. Stout, III, Judge

Jessica M. Bulos, Assistant Public Defender (Office of the Public
Defender, on briefs), for appellant.

Gregory W. Franklin, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


James Aaron Pearce (appellant) appeals from his jury trial conviction for possessing a

firearm as a convicted felon in violation of Code § 18.2-308.2.  On appeal he contends that the

trial court erred by allowing the cross-examination of appellant regarding his drug use and

alcohol consumption at the time of his arrest because it constituted impermissible "other crimes"

evidence.  Alternatively, appellant argues that the trial court erred by not giving a limiting

instruction advising the jury that it could consider appellant's prior drug use only for

impeachment purposes.  For the reasons set forth below, we affirm appellant's conviction of

possessing a firearm as a convicted felon.

I.

BACKGROUND

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).  So viewed, on February 1, 2007, at 8:30 p.m., Officers Clyde Lindsey and Thomas Gilbert were patrolling in an unmarked police car when they observed a group of five individuals, with appellant among them, consuming alcohol from open containers.  While the officers conducted an investigatory stop, all of the individuals, including appellant, continually placed their hands in their pockets, despite Officer Lindsey's request that they refrain from doing so.

To ensure their safety, the officers proceeded to pat down the individuals for weapons. As Officer Lindsey began patting down the second individual in the group, appellant "took off running."  As Officer Lindsey gave chase, he saw appellant throw a dark medium-sized object with his left hand.  When Officer Lindsey tackled appellant, appellant wrestled free, leaving his shirt and jacket behind.  Officer Lindsey apprehended appellant approximately thirty seconds later.

After placing appellant in custody, Officer Lindsey returned to the site of the initial struggle to retrieve appellant's clothes.  Near the clothes, Officer Lindsey found a loaded firearm, which was warm and dry to the touch, despite the fact that it was drizzling.  Appellant's shirt and jacket were not covering the firearm.  Officer Lindsey did not see any other contraband in the vicinity, nor did he see any other individuals in the area.  No fingerprints were found on the gun.

After the Commonwealth concluded its case-in-chief, appellant objected to the anticipated questioning about his drug and alcohol consumption on the night of his arrest, arguing that it would be more prejudicial than probative.  The Commonwealth responded that it would limit the inquiry about appellant's drug use to the night of his arrest to test his ability to recall and did not intend to offer extrinsic evidence on the issue.  The trial court permitted the

line of questioning, "to test [appellant's] ability to recall," provided that "it [was] asked properly."

Appellant testified in his own defense, asserting that he did not throw a gun. Otherwise, his description of the events matched the testimony of Officers Lindsey and Gilbert. During cross-examination and over counsel's objection, appellant admitted to having been intoxicated at the time of his encounter with the police, though he could not recall how much he had to drink. He also admitted to being under the influence of illegal narcotics.

At the conclusion of the trial, the parties reviewed the jury instructions before delivering closing arguments. Appellant did not request any limiting instructions as to the purpose for which his drug use testimony might properly be considered.

II.

ANALYSIS

A.

ADMISSIBILITY OF APPELLANT'S TESTIMONY

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Bottoms v. Commonwealth, 22 Va. App. 378, 384, 470 S.E.2d 153, 156 (1996).

Appellant contends the trial court erred by allowing the Commonwealth to question him regarding his alcohol consumption and drug use at the time immediately prior to his arrest. Such testimony, according to appellant, amounted to impermissible "other crimes" evidence because it would not have been admissible during the Commonwealth's case-in-chief as evidence of motive, intent, or knowledge. As such, the testimony was collateral to the main issue of appellant's guilt of the charged offense and should not have been admitted.

The Commonwealth responds that the sole purpose for questioning appellant was to challenge his ability to perceive and remember the events leading up to his arrest. Because appellant placed his credibility at issue when he gave a different account than Officer Lindsey of the night in question, the Commonwealth argues that any evidence tending to make its own witnesses more believable in the eyes of the jury was relevant and was properly admitted. We agree with the Commonwealth that appellant's testimony was properly admitted for impeachment purposes and does not fall under the ambit of the "other crimes" prohibition.[1]

To begin, appellant mischaracterizes the purpose for which the Commonwealth offered the drug use testimony. Appellant's claim that the Commonwealth's right to offer evidence of "the defendant's drug and/or alcohol use for impeachment purposes [does not] override[] the general rule against admission of other crimes evidence" provides for an incomplete analysis. See Charles E. Friend, Law of Evidence in Virginia § 12-14(a), at 479 (6th ed. 2003) (noting that "other crimes" evidence is automatically excluded "only where the sole purpose in introducing the evidence is to show a pre-disposition on the part of the accused to commit crime" and the evidence lacks "some logical bearing on a material issue"). "Evidence that reveals commission of another crime is not necessarily just 'prior crimes evidence'; where relevant, such evidence may be admissible for other purposes and under other rules of evidence." Id.

For other crimes evidence, the general rule is that in a criminal prosecution, "proof which shows or tends to show that the accused is guilty of the commission of other crimes and offenses at other times . . . is incompetent and inadmissible for the purpose of showing the commission of the particular crime charged." Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970). "Such evidence implicating an accused in other crimes unrelated to the charged

---

[1] Appellant also argues that the admission of the drug use testimony was not harmless error. Because we hold that the evidence was admissible, we need not evaluate that claim.

offense is inadmissible because it may confuse the issues being tried and cause undue prejudice to the defendant." Guill v. Commonwealth, 255 Va. 134, 138, 495 S.E.2d 489, 491 (1998). Of course, there are exceptions to the rule. Evidence of other crimes may be admitted to impeach the credibility of the witness or criminal defendant, Hackney v. Commonwealth, 28 Va. App. 288, 293, 504 S.E.2d 385, 388 (1998), or to prove a relevant issue such as motive, intent, or knowledge of the defendant, McGowan v. Commonwealth, 274 Va. 689, 694, 652 S.E.2d 103, 105 (2007). However, "the circumstances [of the other event]" must have an "intimate connection with the main fact," and "if they constitute no link in the chain of evidence . . . they ought to be excluded." McGowan, 274 Va. at 695, 652 S.E.2d at 106 (quoting Guill, 255 Va. at 139, 495 S.E.2d at 492).

The rules regarding the admissibility of evidence used to impeach the credibility of a witness are entirely different. "When a witness takes the stand, she puts her credibility at issue in the case." McCarter v. Commonwealth, 38 Va. App. 502, 506, 566 S.E.2d 868, 869 (2002). Thus, the opposing party may impeach the witness by "drawing into question the accuracy of the witness's perception, recordation, recollection, narration, or sincerity." Id. at 506, 566 S.E.2d at 869-70 (quoting 1 McCormick on Evidence § 33 n.5, at 123 (John W. Strong ed., 5th ed. 1999)). "Any evidence which would tend to convince the jury that the witness's perception, memory, or narration is defective . . . is relevant for purposes of impeachment." Friend, supra, § 4-1, at 128. The Supreme Court of Virginia has long held that that "the testimony of a witness may be impeached by a showing that he was intoxicated at the time of the occurrence of events about which he testified." Burnette v. Commonwealth, 172 Va. 578, 581, 1 S.E.2d 268, 269 (1939); see Allstate Ins. Co. v. White, 257 Va. 73, 76, 510 S.E.2d 461, 463 (1999) (holding that while evidence that the plaintiff had been drinking did not impeach his ability to tell the truth, it could

be used to suggest "that, at the time of the accident, his perception of the details and events may have been impaired, and, therefore, that the testimony was not reliable").

Appellant relies on the Supreme Court's recent decision in McGowan to support his argument that his prior drug use was beyond the scope of cross-examination. In that case, the defendant was charged with unlawfully and feloniously distributing cocaine. McGowan, 274 Va. at 692, 652 S.E.2d at 104. As part of her defense, the defendant took the stand and testified that she "wouldn't know crack cocaine if [she] saw it." Id. at 693, 652 S.E.2d at 104. In an attempt to impeach the defendant's testimony, the Commonwealth asked her during cross-examination if she possessed cocaine when she was arrested several months later, which she denied. Id. The trial court allowed the Commonwealth to call the arresting detective to testify that the defendant indeed possessed cocaine on the day of her arrest. Id. The trial court reasoned that such testimony was admissible, holding that because the defendant "had not objected to initial questions concerning her lack of knowledge of crack cocaine, she had . . . 'opened the door' to the evidence of her later possession of the drug," and the court gave a limiting instruction to the jury to consider the subsequent possession of cocaine as evidence only of defendant's knowledge of the drug. Id. at 693, 652 S.E.2d at 104-05. The Supreme Court of Virginia reversed, holding that the testimony lacked probative value and was highly prejudicial. Id. at 696, 652 S.E.2d at 106.

This reliance on McGowan is misplaced, as it is distinguishable from the case at hand and does not require the automatic prohibition of all evidence that implicates other crimes. First, the Commonwealth in that case attempted to impeach the defendant through extrinsic evidence: the testimony of the arresting detective who found the cocaine on defendant's person. Here, the Commonwealth asked appellant about his drug consumption immediately prior to the events leading up to his arrest but did not attempt to introduce extrinsic evidence. See id. at 695, 652

- 6 -

S.E.2d at 106 (allowing the Commonwealth to attack the credibility of the defendant on cross-examination, but requiring "'the answer of the witness [to] be conclusive'" (quoting Allen v. Commonwealth, 122 Va. 834, 842, 94 S.E. 783, 786 (1918))). Significantly, the Court in McGowan prohibited the Commonwealth from eliciting testimony during cross-examination for the purpose of contradicting the defendant afterwards through extrinsic evidence. Id. Here, by contrast, the Commonwealth sought to impeach statements appellant made during his direct examination by defense counsel. See id. ("Clearly, a criminal defendant . . . cannot expect to make a misleading statement to the jury without also 'open[ing] the door to cross-examination for the purpose of attacking [her] credibility.'" (quoting Santmier v. Commonwealth, 217 Va. 318, 319-20, 228 S.E.2d 681, 682 (1976))). Moreover, the drug use at issue in McGowan occurred *after* the events leading up to the crime for which the defendant was charged. Thus, the subsequent possession of drugs "had little, if any, tendency to prove that McGowan had knowledge of cocaine" at the time of the charged crime. McGowan, 274 Va. at 696, 652 S.E.2d at 106. Here, the Commonwealth—per the trial court's instructions—limited the inquiry to the time immediately prior to appellant's arrest, i.e., the time when the drugs and alcohol could have impaired appellant's perception and memory. Thus, a fair reading of McGowan indicates that its principles do not call for an automatic bar on all impeachment evidence that tends to implicate other crimes. Rather, McGowan proscribes the proper protocol for introducing such evidence so as to limit undue prejudice to the defendant and confusion to the jury. Here, the scope and manner in which the Commonwealth attempted to elicit appellant's drug and alcohol consumption were limited in nature and did not implicate the concerns addressed in McGowan.

In this case, the Commonwealth did not seek to introduce appellant's drug use testimony as substantive evidence. Rather, the Commonwealth merely sought the opportunity to "impeach[] the credibility of [appellant]" using his own admission of drug use. Hackney, 28

Va. App. at 293, 504 S.E.2d at 388. As such, it had every right to attack the credibility of appellant when he maintained that he never made a throwing motion as he ran from the police, contrary to what Officer Lindsey testified. Thus, appellant's level of intoxication at the time of these events was highly relevant to his ability to perceive them.

Furthermore, the Commonwealth elicited this evidence in a way that conformed to our jurisprudence. As noted above, the Commonwealth limited the scope of its inquiry of appellant's consumption to the time period during which his version of events diverged from Officer Lindsey's testimony. The Commonwealth did not attempt to introduce extrinsic evidence of appellant's drug and alcohol consumption. The inquiry stopped after the Commonwealth established appellant's drug consumption and its possible effect on his mental state. This approach was permissible and not inconsistent with McGowan.

B.

FAILURE TO PROVIDE LIMITING INSTRUCTION

Appellant argues that even if the trial court properly admitted the testimonial evidence, it committed reversible error by failing to give a limiting instruction advising the jury that it could consider appellant's prior drug use only for impeachment purposes. Without such an instruction, appellant contends that the "other crimes" evidence confused the jury and unfairly suggested criminal propensity. However, appellant did not request such a limitation when the parties reviewed the original jury instructions with the trial judge. Accordingly, he asks this Court to use the "ends of justice" exception to reverse and remand his conviction for a new trial.

Rule 5A:18 provides that "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Accordingly, absent extenuating circumstances, unless a defendant made a

- 8 -

contemporaneous objection at trial, he may not argue on appeal that the court erroneously instructed the jury. See Wubneh v. Commonwealth, 51 Va. App. 224, 228, 656 S.E.2d 418, 420 (2008).

The "ends of justice" exception to Rule 5A:18 is "narrow and is to be used sparingly." Bazemore v. Commonwealth, 42 Va. App. 203, 219, 590 S.E.2d 602, 609 (2004) (en banc). Generally, we will invoke the "ends of justice" exception in relation to a jury instruction only where "'a granted instruction omitted some essential elements of the offense' and 'no evidence was produced relating to those elements,'" id. at 219, 590 S.E.2d at 610 (quoting Jimenez v. Commonwealth, 241 Va. 244, 251, 402 S.E.2d 678, 681-82 (1991)), or the trial court otherwise failed in its "'affirmative duty properly to instruct a jury'" regarding a "'principle of law vital to a criminal defendant,'" Campbell v. Commonwealth, 14 Va. App. 988, 991, 421 S.E.2d 652, 654 (1992) (quoting Jimenez, 241 Va. at 250, 402 S.E.2d at 681).

In this case, the limiting instruction appellant now requests does not relate to an element of the crime charged and was not vital to his defense. See Gaines v. Commonwealth, 39 Va. App. 562, 568, 574 S.E.2d 775, 778 (2003) ("It was not an abuse of discretion to fail to give a cautionary instruction *sua sponte* in this case because tactically the defendant may not have wanted the point emphasized."). Thus the "ends of justice" exception does not excuse his failure to request such an instruction at trial. The crime at issue is whether appellant possessed a firearm as a convicted felon. Evidence regarding his intoxication was wholly separate from the main elements the Commonwealth was required to prove in order to obtain a conviction. See, e.g., Campbell, 14 Va. App. at 992, 421 S.E.2d at 655 (remanding a conviction where the jury instructions erroneously negated the required element of intent in the crime charged, thereby relieving the Commonwealth of its burden to prove a specific intent crime). While appellant was

certainly entitled to a limiting instruction *upon his request*, his failure to request one waived the right on appeal to argue his entitlement to such an instruction.

III.

In short, because evidence of appellant's drug consumption at the time leading up to his arrest was relevant to his credibility and not excludable as impermissible "other crimes" evidence, the trial court did not abuse its discretion by admitting it into evidence. Further, because appellant failed to request a limiting instruction and the court's failure to give one *sua sponte* on the facts of this case was not amenable to review under the ends of justice exception to Rule 5A:18, we do not consider that issue on the merits. For these reasons, we affirm appellant's conviction for firearm possession.

<u>Affirmed.</u>