UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Athey, Ortiz and Lorish

JC ALEXANDER JULIAN BUTLER

MEMORANDUM OPINION*
v.      Record No. 0124-22-1      PER CURIAM
OCTOBER 18, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Christopher W. Hutton, Judge

(Charles E. Haden, on brief), for appellant.

(Jason S. Miyares, Attorney General; David A. Mick, Assistant
Attorney General, on brief), for appellee.

The Circuit Court of the City of Hampton ("trial court") convicted JC Alexander Julian

Butler ("Butler") on a guilty plea of attempted unlawful wounding and sentenced him to five years'

incarceration with four years suspended. On appeal, Butler challenges the voluntariness of his

guilty plea and argues that the trial court abused its sentencing discretion. After examining the

briefs and record in this case, the panel unanimously holds that oral argument is unnecessary

because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). We affirm

Butler's convictions.

I. BACKGROUND

Before accepting Butler's plea, the trial court conducted a colloquy with him to ensure it

was entered freely and voluntarily. During the colloquy, Butler stated that he had discussed the

charge and its elements with his attorney and understood the "maximum penalty" the trial court

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

could impose. After discussing the case with his attorney, Butler decided to plead guilty because he was, "in fact, guilty." Butler confirmed that he was pleading guilty "freely and voluntarily" and that nobody had "forced" him to enter his plea. Butler understood that by pleading guilty he was waiving his rights to a trial by jury, to remain silent, to confront the witnesses against him, and to appeal certain decisions of the trial court. Butler was satisfied with the services of his attorney and declined the opportunity to ask the trial court any questions.

The Commonwealth proffered that on March 27, 2019, Hampton police officers went to a convenience store in response "to a report of shots fired." A witness told the officers that she saw Butler and his co-defendant, Shalik Whitehead, walk out of the store. Butler set a drink on the sidewalk, approached the rear of a parked vehicle, and began shooting at another individual. Officers subsequently located and detained Butler and Whitehead. Whitehead had a handgun concealed in his coat pocket, and a K-9 located another handgun "a few feet" from where police had detained Butler. Whitehead admitted that he also shot at the "third individual." Police collected twenty-eight shell casings from the parking lot and street in front of the convenience store. Forensic analysis determined that the shell casings had been fired from the two handguns that police found when they detained Butler and Whitehead.

Butler agreed that the Commonwealth's proffer fairly represented the evidence that would have been presented at trial and would be sufficient to convict him of attempted unlawful wounding but added that the "third individual was also firing a gun" at Butler and Whitehead. The trial court accepted Butler's plea, finding it was entered "freely and voluntarily." Based on the plea and the proffered evidence, the court convicted Butler of unlawful wounding and continued the matter for sentencing.[1]

---

[1] In exchange for his plea, the Commonwealth moved to *nolle prosequi* a charge of use of a firearm in the commission of a felony.

On January 7, 2022, the trial court held a combined sentencing hearing for the attempted unlawful wounding conviction and unrelated convictions for felony eluding, possession of marijuana, and failure to yield.[2] Butler testified that he was nineteen years old when the incident occurred and being incarcerated was "a waste of [his] life." He assured the trial court that he had "learned [his] lesson" and "want[ed] to do better for [himself]." Butler expressed his remorse and "wish[ed]" he could "go back to that day and do something different." He stated he could secure employment at "the shipyard" after his release from incarceration and testified that he viewed the incident as a "lesson" and "a little mark in [his] life."

The Commonwealth argued that the court should impose a sentence above the high end of the discretionary sentencing guidelines.[3] The Commonwealth stressed that Butler had numerous prior firearm charges and had been on bond on other "gun charges" when he engaged "in a shootout in broad daylight," demonstrating that he "had a problem" with following the court's "rules." The Commonwealth argued that Butler's "remorse" came only after he spent time in jail, not while he was "out on bond." In the Commonwealth's view, Butler's escalating criminal behavior was an "aggravating factor" that justified exceeding the high end of the guidelines.

In response, Butler argued that the incident arose because three "young" and "immature" men engaged in a shootout after the "third . . . party" insulted Whitehead. Butler asserted that he had "matured" since the incident and "accepted responsibility" by pleading guilty. Accordingly, he asked the court to sentence him at the "low end of the guidelines." In allocution, Butler stated that

---

[2] Butler's appeal of his felony eluding and possession of marijuana convictions is addressed separately.

[3] The discretionary sentencing guidelines encompassed each of the offenses at issue in Butler's combined sentencing event and recommended a total sentence between one year of incarceration and one year and six months' incarceration, with a midpoint of one year and three months.

this was his "first time . . . being sentenced as an adult" and some of his prior firearm charges had been dismissed.

After considering the sentencing guidelines, arguments of counsel, and circumstances of Butler's offense, the trial court found that the sentencing guidelines did not "sufficiently address" the severity of Butler's "conduct." In addition, the trial court was "concerned about the juxtaposition" of Butler's new convictions with his "serious" "criminal history." Accordingly, the trial court sentenced Butler to five years' incarceration with four years suspended for the attempted unlawful wounding conviction. Butler appealed.

## II. ANALYSIS

### A. *Standard of Review*

"We review the trial court's sentence for abuse of discretion." *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011). "[O]nce it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018) (quoting *Minh Duy Du v. Commonwealth*, 292 Va. 555, 565 (2016)).

### B. *Guilty Plea*

Butler argues that the trial court erred by accepting his guilty plea because he did not enter it freely and voluntarily. Butler acknowledges that he did not move to withdraw his guilty plea or otherwise preserve his argument for appellate review but asks that we address it under the "good cause" and "ends of justice" exceptions to Rule 5A:18.

"'Good cause' relates to the reason why an objection was not stated at the time of the ruling." *Pope v. Commonwealth*, 60 Va. App. 486, 508 (2012) (quoting *Campbell v. Commonwealth*, 14 Va. App. 988, 996 (1992) (*en banc*)). "The Court may only invoke the 'good cause' exception where an appellant did not have the *opportunity* to object to a ruling in

the trial court; however, when an appellant 'had the opportunity to object but elected not to do so,' the exception does not apply." *Perry v. Commonwealth*, 58 Va. App. 655, 667 (2011) (emphasis added) (quoting *Luck v. Commonwealth*, 32 Va. App. 827, 834 (2000)).

The trial court accepted Butler's guilty plea on October 2, 2020, and entered final judgment on January 7, 2022. Butler had more than a year to move to withdraw his guilty plea but failed to do so. Code § 19.2-296. Nothing in the record suggests that anything prevented Butler from filing such a motion. Accordingly, the good cause exception does not apply because there was ample opportunity for Butler to alert the trial court of the relief he sought.

"The 'ends of justice' exception to Rule 5A:18 is 'narrow and is to be used sparingly.'" *Melick v. Commonwealth*, 69 Va. App. 122, 146 (2018) (quoting *Pearce v. Commonwealth*, 53 Va. App. 113, 123 (2008)). "In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred." *Id.* (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 221 (1997)). Because a defendant who enters a guilty plea waives several rights, a "plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" *Bousley v. United States*, 523 U.S. 614, 618 (1998) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). Thus, to withstand scrutiny on appeal, the record must contain "an affirmative showing that [the guilty plea] was intelligent and voluntary." *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). Additionally, "a defendant must be made aware of all the direct, but not the collateral, consequences of his plea." *Brown v. Commonwealth*, 297 Va. 295, 302 (2019) (quoting *Meyer v. Branker*, 506 F.3d 358, 367-68 (4th Cir. 2007)). Indeed, a "trial court is not required to discuss every nuance of the law regarding a defendant's plea in order to render a guilty plea voluntary and knowing." *Zigta v. Commonwealth*, 38 Va. App. 149, 154 (2002).

The record demonstrates that the trial court conducted a thorough colloquy with Butler, in which he confirmed that he had discussed the charge and its elements with his attorney and understood the "maximum penalty" that the trial court could impose. In addition, Butler knew that he was waiving several important trial rights, including the rights to a jury trial, silence, confrontation, and to appeal certain decisions of the court. Moreover, Butler's reliance on *Padilla v. Kentucky*, 559 U.S. 356, 374-75 (2010), is misplaced. *Padilla* addressed a claim that the trial attorney was ineffective for failing to advise his client that he would be subject to deportation. Even assuming *Padilla* could be relevant to the voluntary nature of certain guilty pleas, Butler has not presented any evidence or argument suggesting that he would be subject to deportation. Thus, the record contains "an affirmative showing" that Butler's guilty plea was "intelligent and voluntary." *Boykin*, 395 U.S. at 242.

Butler cites no authority for his assertion that the trial court must review each of the specific elements of an offense for a guilty plea to be valid, and we are unpersuaded by his argument. "A circuit court shall not accept a plea of guilty . . . without first determining that the plea is made . . . with an understanding of *the nature* of the charge and the consequences of the plea." Rule 3A:8(b)(1) (emphasis added). Here, Butler affirmatively represented that he had discussed the charge and its elements with his attorney and understood the "maximum penalty" the trial court could impose. After that discussion, Butler decided to plead guilty because he was, "in fact, guilty." Thus, Butler was aware of the nature of the charge and the consequences of his plea.

Accordingly, we conclude that the record contains an affirmative showing that Butler's guilty plea was entered knowingly, voluntarily, and intelligently. *Boykin*, 395 U.S. at 242. Thus, no manifest injustice will result by applying Rule 5A:18.

## C. *Sentencing*

Butler argues that the trial court abused its sentencing discretion by exceeding the discretionary sentencing guidelines and imposing an arbitrary sentence that was "disproportionate" to the nature of his offense. We disagree.

"The sentencing guidelines are advisory only and do not require trial courts to impose specific sentences." *Runyon v. Commonwealth*, 29 Va. App. 573, 577-78 (1999). Accordingly, a judge's failure to follow the sentencing guidelines "shall not be reviewable on appeal or the basis of any other post-conviction relief." Code § 19.2-298.01(F).

It was within the trial court's purview to weigh Butler's mitigating evidence. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). "Criminal sentencing decisions are among the most difficult judgment calls trial judges face." *Minh Duy Du*, 292 Va. at 563. "Because this task is so difficult, it must rest heavily on judges closest to the facts of the case—those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case." *Id.* The record affirmatively demonstrates that the trial court considered the sentencing guidelines and mitigating evidence Butler cites, including his youth, employment prospects, expression of remorse, and claim that he had matured. Balanced against those circumstances, however, was Butler's criminal history, which included prior firearm charges. The trial court also reasonably could have found the circumstances of this offense—a protracted shootout in a public place, with bystanders in the area, while he was on bond—to be aggravating. After considering all the circumstances, the trial court imposed the sentence that it deemed appropriate. Butler's "sentence was within the statutory range, and our task is complete." *Thomason*, 69 Va. App. at 99.

## III. CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*