COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Beales, Malveaux and Causey

BRANDON DOUGLAS GALLOWAY

v.      Record No. 0938-21-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
JANUARY 10, 2023

FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Anne F. Reed, Judge[1]

(Jessica N. Sherman-Stoltz; Sherman-Stoltz Law Group, PLLC, on
briefs), for appellant. Appellant submitting on briefs.

(Jason S. Miyares, Attorney General; Matthew P. Dullaghan, Senior
Assistant Attorney General, on brief), for appellee.


Brandon Douglas Galloway appeals an order of the Circuit Court of Augusta County

denying his motion to reconsider his sentence of fifteen years of incarceration with eight years

suspended for involuntary manslaughter and maiming while driving under the influence, in

violation of Code §§ 18.2-36.1 and 18.2-51.4. On appeal, Galloway argues that the circuit court

abused its discretion by considering inadmissible hearsay evidence at sentencing, in violation of

his Sixth Amendment right to confrontation. Additionally, Galloway argues that he "was

prejudiced when a different [j]udge sentenced him than the [j]udge [who] presided over all other

motions hearings and his guilty plea hearing." After examining the briefs and record in this case,

the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Judge W. Chapman Goodwin convicted Galloway on his guilty pleas. Judge Anne F.
Reed presided at Galloway's sentencing hearing.

without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). Accordingly, we affirm the circuit court's judgment.

## BACKGROUND[2]

In July 2020, Galloway struck Roger Holmes and Timothy Painter with his vehicle while driving under the influence of alcohol. Painter died from the collision while Holmes suffered severe injuries, including a concussion and a broken arm, collarbone, spine, and jaw, and had rods and screws implanted to repair the trauma. Galloway admitted to police that he had consumed six or seven beers before the accident and testing revealed he had a blood alcohol content of 0.149. On January 26, 2021, Galloway pled guilty, before Judge W. Chapman Goodwin, to charges of involuntary manslaughter and maiming while driving under the influence.

In May 2021, Judge Anne Reed presided at Galloway's sentencing hearing. Testifying for the Commonwealth, Holmes described how medical personnel had resuscitated him and performed multiple surgeries to repair his fractured bones. Painter's brother, Jerry Painter, testified that he had heard rumors that Galloway had purchased luxury items while on pre-trial bail, including "gold teeth" and "expensive tires," and had been "asking around town wanting a pistol for protection" because he feared retaliation from Painter's "biker friends." Testifying for the defense, Galloway's mother explained that Galloway suffered from "tremors" and trauma from the accident, including significant weight loss and "yelling" outbursts. Galloway's minister and fiancée both testified that Galloway had expressed remorse since the accident. During allocution, Galloway said that he regretted injuring Holmes and wished he could exchange his life for Painter's.

---

[2] "In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In doing so, we discard any of Galloway's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

The circuit court found that although Galloway was "a young man" and had demonstrated "many positives," the gravity of the charges and circumstances surrounding the accident, combined with Galloway's "history of reckless driving convictions," justified imposing a "significant sentence." Accordingly, on June 2, 2021, the court entered a final order sentencing Galloway to fifteen years of incarceration with eight years suspended.

On June 8, 2021, Galloway moved for reduction of his sentence under Code § 19.2-303, asserting that the circuit court had imposed an excessive sentence that was twice the maximum penalty recommended under discretionary sentencing guidelines.[3] In his written motion, Galloway requested that he remain in custody at the local jail until the circuit court ruled on the motion. On June 10, 2021, the circuit court ordered Galloway to "be held" at the local jail pending disposition of his motion for reduction of his sentence.

At a hearing on the motion, Galloway introduced evidence of Painter's five prior convictions for driving with a revoked license as a habitual offender, arguing that Painter had contributed to his own death by illegally driving. Following argument by counsel, the court found that evidence of Painter's driving record was not "mitigating." Acknowledging that a different judge had accepted Galloway's guilty pleas, the court stated it had reviewed the order from the plea hearing and the statement of facts supporting Galloway's convictions. In addition, the court had considered "all of the factors involved" in the offense and Galloway's criminal history before imposing sentence. The court recognized Galloway's youth and limited criminal history but stated that Galloway's proven "lack of remorse" during pre-trial bail, poor driving record, and the harm he caused to multiple victims constituted aggravating factors justifying its upward departure from the sentencing guidelines' recommended penalty. Accordingly, on August 5, 2021, the circuit court

---

[3] The guidelines recommended a penalty range between one year and two months at the minimum and three years and three months at the maximum, with a midpoint of two years and two months.

entered an order denying Galloway's motion for reduction of sentence. On September 7, 2021, Galloway filed a notice of appeal from the order denying his motion for reduction of sentence.[4] This appeal follows.

## ANALYSIS

Galloway contends that the circuit court erred in denying his motion to reconsider his sentence because the court improperly considered hearsay testimony at the sentencing hearing regarding Galloway's conduct while on pre-trial bail, which Galloway asserts violated his Sixth Amendment right to confrontation. We cannot consider Galloway's argument because he failed to preserve it below.

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Accordingly, "this Court 'will not consider an argument on appeal [that] was not presented to the trial court.'" *Farnsworth v. Commonwealth*, 43 Va. App. 490, 500 (2004) (quoting *Ohree v. Commonwealth*, 26 Va. App. 299, 308 (1998)). "Rule 5A:18 applies to bar even constitutional claims." *Id.* (quoting *Ohree*, 26 Va. App. at 308). "Specificity and timeliness undergird the contemporaneous-objection rule [and] animate its highly practical purpose." *Bethea v.*

---

[4] Galloway did not timely file a notice of appeal from the June 2, 2021 final sentencing order, which was not suspended or vacated. *See* Rule 5A:6(a) ("Except as otherwise provided by statute, no appeal will be allowed unless" a litigant files a notice of appeal "within 30 days after entry of final judgment or other appealable order or decree . . . ."). Nevertheless, Galloway timely filed a notice of appeal from the August 5, 2021 order denying his motion for reduction of sentence under Code § 19.2-303. *See* Code § 19.2-303 (allowing a trial court to "suspend or otherwise modify the unserved portion" of a felony sentence "at any time before the person is transferred to the Department [of Corrections], or within 60 days of such transfer"). Accordingly, we consider Galloway's appeal only to the extent to which he challenges the circuit court's August 5, 2021 order denying his motion for reduction of sentence. In any event, as established below, Galloway's arguments on appeal are barred by Rule 5A:18 because they were not presented to the trial court in the motion to reduce his sentence under Code § 19.2-303.

*Commonwealth*, 297 Va. 730, 743 (2019) (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)); *Brown v. Commonwealth*, 279 Va. 210, 217 (2010). "Not just any objection will do. It must be both *specific and timely*—so that the trial judge would know the particular point being made in time to do something about it." *Bethea*, 297 Va. at 743 (emphases in original) (quoting *Dickerson*, 58 Va. App. at 356).

The record demonstrates that Galloway did not object to the admissibility of the hearsay testimony in his motion for reduction of sentence. *Cf. id.* Accordingly, Rule 5A:18 bars our consideration of Galloway's argument, which he raises for the first time on appeal. Although there are exceptions to Rule 5A:18, Galloway does not invoke them, and we will not do so *sua sponte*. *Edwards v. Commonwealth*, 41 Va. App. 752, 761 (2003) (*en banc*).

Galloway next argues that the circuit court erred in denying his motion for reduction of sentence because the circuit court's "practice of substituting judges has not been promulgated as a local rule pursuant to the requirements of Rule 1:15, and the substitution of judges is limited by the prescriptions of Code § 19.2-154."[5] Galloway concedes that he failed to preserve this argument but asks this Court to consider it under the "good cause" or "ends of justice" exception to Rule 5A:18. We decline to do so.

"The Court may only invoke the 'good cause' exception where an appellant did not have the opportunity to object to a ruling in the trial court; however, when an appellant 'had the opportunity to object but elected not to do so,' the exception does not apply." *Perry v. Commonwealth*, 58 Va. App. 655, 667 (2011) (quoting *Luck v. Commonwealth*, 32 Va. App. 827, 834 (2000)). There is no evidence that Galloway was denied the opportunity to raise his

---

[5] Code § 19.2-154 governs the substitution of judges mid-trial for reasons of death, sickness, or other disability.

claims in his written motion requesting reduction of sentence. Therefore, the good cause exception to Rule 5A:18 is not applicable.

"The 'ends of justice' exception to Rule 5A:18 is 'narrow and is to be used sparingly.'" *Pearce v. Commonwealth*, 53 Va. App. 113, 123 (2008) (quoting *Bazemore v. Commonwealth*, 42 Va. App. 203, 219 (2004) (*en banc*)). Whether to apply the ends of justice exception involves two questions: "(1) whether there is error as contended by the appellant; and (2) whether the failure to apply the ends of justice provision would result in a grave injustice." *Commonwealth v. Bass*, 292 Va. 19, 27 (2016) (quoting *Gheorghiu v. Commonwealth*, 280 Va. 678, 689 (2010)). "The burden of establishing a manifest injustice is a heavy one, and it rests with the appellant." *Holt v. Commonwealth*, 66 Va. App. 199, 210 (2016) (*en banc*) (quoting *Brittle v. Commonwealth*, 54 Va. App. 505, 514 (2009)). "In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred." *Melick v. Commonwealth*, 69 Va. App. 122, 146 (2018) (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 221 (1997)). Furthermore, to demonstrate that a miscarriage of justice has occurred, "[i]t is never enough for the defendant to merely assert a winning argument on the merits—for if that were enough[,] procedural default 'would never apply, except when it does not matter.'" *Winslow v. Commonwealth*, 62 Va. App. 539, 546 (2013) (quoting *Alford v. Commonwealth*, 56 Va. App. 706, 710 (2010)).

Under those principles, the Supreme Court has declined to apply the ends of justice exception when, regardless of error, the record demonstrated that no miscarriage of justice occurred. *See Murillo-Rodriguez v. Commonwealth*, 279 Va. 64, 84 (2010); *see also Gheorghiu*, 280 Va. at 689 (declining to apply the ends of justice exception where the record demonstrated that the result of the trial would have been no different, irrespective of error). Here, Galloway asserts that because Judge Goodwin purportedly had more "judicial experience" than Judge

Reed, "[o]ne can only assume . . . that the outcome of his sentencing would likely have been different" had Judge Goodwin presided at both the plea hearing and sentencing. Galloway's vague assertion amounts to mere conjecture insufficient to establish that a manifest injustice has occurred. *Melick*, 69 Va. App. at 146. Thus, irrespective of whether there was error as alleged, Galloway has failed to identify affirmative proof in the record establishing that a manifest injustice resulted. *Cf. Gheorghiu*, 280 Va. at 689. Accordingly, we decline to apply the "ends of justice" exception under Rule 5A:18 to consider Galloway's unpreserved claim.

## CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*