COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges O'Brien, Malveaux and Raphael

KHADIJAH MARIE WATSON

MEMORANDUM OPINION*

v.     Record No. 0201-24-2     PER CURIAM
DECEMBER 30, 2024

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF HENRICO COUNTY
Rondelle D. Herman, Judge

(Trevor Jared Robinson, on brief), for appellant.

(Jason S. Miyares, Attorney General; David A. Stock, Senior
Assistant Attorney General, on brief), for appellee.

A jury convicted Khadijah Marie Watson ("appellant") of malicious wounding, in violation of Code § 18.2-51 and use of a firearm in the commission of a felony, in violation of Code § 18.2-53.1.[1]  On appeal, appellant challenges the sufficiency of the evidence supporting these convictions, arguing that her testimony proved that she did not act with malice.  After examining the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit."  Code § 17.1-403(ii)(a); Rule 5A:27(a).  Accordingly, we affirm the trial court's judgment.

BACKGROUND

On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court."  *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] Appellant was also convicted of assault and battery, in violation of Code § 18.2-57.  She does not challenge that conviction on appeal.

(quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). In doing so, we "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

On March 5, 2022, appellant and three friends arrived at a gas station to get something to eat. Janequa and Jamira Saunders, who are sisters, arrived at approximately the same time, believing one of appellant's friends had Janequa's cell phone. Earlier that night at a club, the sisters and appellant's friends had fought each other. Before exiting her car, appellant saw her friend's gun on the floor of her car and put it in her pocket.

Near a gas pump, Janequa argued with appellant's friends about the phone. During the argument, appellant hit Jamira on the right side of her ear with a "hard object." Jamira did not know what she was hit with or how many times she was hit because the first strike rendered her unconscious. Appellant then dragged Jamira across the parking lot. When Janequa saw appellant dragging her sister, she tried to stop her by spraying her with mace. In response, appellant took the gun from her pocket and shot Janequa in her hip. Appellant then fled the scene.

At the close of the Commonwealth's case-in-chief, appellant moved to strike the evidence as to the two counts of aggravated malicious wounding, arguing that the Commonwealth had failed to prove that the sisters' injuries were permanent or that appellant's actions caused significant physical impairment. The trial court denied the motion. Appellant did not move to strike the evidence on the basis that the Commonwealth had failed to establish that she had acted with malice.

Appellant testified in her defense, asserting that she took possession of the firearm only to "scare [the sisters], if anything," and "to make sure [she] and [her] friends was [sic] okay."

- 2 -

The mace made her eyes, nose, and mouth burn, and she could not breathe. She also testified that as she was maced, Jamira said someone should "hit that bitch with [a] crutch." Having never been in a similar situation before and suffering from anxiety, appellant panicked and was "scared for [herself] and [her] friends." She claimed she struck Jamira only after being maced. Appellant testified that she did not actually intend to shoot Janequa; instead, she "pulled it out . . . to, like, scare her" but appellant's "finger was kind of tight on the trigger."

Appellant renewed her motion to strike the two counts of aggravated malicious wounding at the close of all the evidence, arguing again that the Commonwealth had failed to carry its burden of showing that she had significantly and permanently injured either sister. The court denied the motion. Again, appellant did not argue that she had not acted with malice, but in fact conceded that "the other elements are jury questions." After argument by counsel, the jury convicted appellant of the lesser-included offenses of malicious wounding and assault and battery, and the use of a firearm in the commission of a felony. This appeal followed.

ANALYSIS

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "Rule 5A:18 requires a litigant to make timely and specific objections, so that the trial court has 'an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals.'" *Brown v. Commonwealth*, 279 Va. 210, 217 (2010) (quoting *West v. Commonwealth*, 43 Va. App. 327, 337 (2004)). "Specificity and timeliness undergird the contemporaneous-objection rule, [and] animate its highly practical purpose." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). "Not just any objection will do. It must be both *specific* and *timely*—so that the trial judge would know the particular point being made in time to do something about it." *Id.* (quoting *Dickerson*

*v. Commonwealth*, 58 Va. App. 351, 356 (2011)).  Appellant concedes that her argument is not preserved for appeal but asks this Court to address it under Rule 5A:18's ends of justice exception.

"The 'ends of justice' exception to Rule 5A:18 is 'narrow and is to be used sparingly.'" *Melick v. Commonwealth*, 69 Va. App. 122, 146 (2018) (quoting *Pearce v. Commonwealth*, 53 Va. App. 113, 123 (2008)).  Whether to apply the ends of justice exception involves two questions: "(1) whether there is error as contended by the appellant; and (2) whether the failure to apply the ends of justice provision would result in a grave injustice." *Commonwealth v. Bass*, 292 Va. 19, 27 (2016) (quoting *Gheorghiu v. Commonwealth*, 280 Va. 678, 689 (2010)).  "The burden of establishing a manifest injustice is a heavy one, and it rests with the appellant." *Holt v. Commonwealth*, 66 Va. App. 199, 210 (2016) (en banc) (quoting *Brittle v. Commonwealth*, 54 Va. App. 505, 514 (2009)).

"[T]o invoke the ends of justice exception when sufficiency of the evidence has been raised for the first time on appeal, an appellant must do more than show that the Commonwealth *failed* to prove an element or elements of the offense." *Redman v. Commonwealth*, 25 Va. App. 215, 221 (1997).  "Otherwise, we would be required under the ends of justice exception to address the merits of every case where a defendant has failed to move to strike the Commonwealth's evidence as being insufficient to prove an element of the offense." *Id.* Instead, to demonstrate that a miscarriage of justice has occurred, an "appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur." *Id.* at 222.

Having failed to move to strike the evidence based on the Commonwealth's alleged failure to demonstrate malice, appellant argues that this Court should consider her appeal to attain the ends of justice.  Relying on her own testimony, she argues that "the evidence against her at trial was insufficient to satisfy the malice element of the offense in light of her justification

and intent at the moment of confrontation." She asserts that she "felt that the use of deadly force was the only way possible to repel" Janequa's use of mace, which demonstrates that she acted "with a heightened sense of alarm and fear for her own safety," not with malice. She also emphasizes her testimony that she did not intend to shoot Janequa, but only intended to use her friend's gun to intimidate the sisters.

Appellant's argument is insufficient to demonstrate that a manifest injustice occurred, as it fails to affirmatively demonstrate that an element of the offense did not occur or that she was convicted for non-criminal conduct. Here, the jury was permitted to disbelieve appellant's self-serving testimony and conclude that she was "lying to conceal [her] guilt." *Washington v. Commonwealth*, 75 Va. App. 606, 616 (2022) (quoting *Flanagan v. Commonwealth*, 58 Va. App. 681, 702 (2011)). And "[d]etermining the credibility of witnesses . . . is within the exclusive province of the jury, which has the unique opportunity to observe the demeanor of the witnesses as they testify." *Dalton v. Commonwealth*, 64 Va. App. 512, 525 (2015) (second alteration in original) (quoting *Lea v. Commonwealth*, 16 Va. App. 300, 304 (1993)). In addition, the jury could reasonably infer malice "from the 'deliberate use of a deadly weapon'" such as a firearm. *Haefele v. Commonwealth*, 75 Va. App. 591, 603 (2022) (quoting *Fletcher v. Commonwealth*, 72 Va. App. 493, 507 (2020)). Appellant does not dispute that she used a firearm to shoot Janequa, and despite her testimony that she accidentally fired the gun, the jury was entitled to disregard that self-serving testimony and infer malice. Because appellant has failed to affirmatively prove that she did not act with malice or was convicted for non-criminal conduct, she has failed to demonstrate that a manifest injustice has occurred, and Rule 5A:18 bars us from considering her argument for the first time on appeal.

CONCLUSION

Because she failed to preserve her sufficiency argument below or to satisfy the requirements of the ends of justice exception to Rule 5A:18, appellant is barred from seeking appellate review of her sufficiency challenge. *See* Rule 5A:18; *Bethea*, 297 Va. at 743-44. Accordingly, we affirm the trial court's judgment.

*Affirmed.*